**In re Phillips B. HOYT, Debtor.**

**Phillips B. HOYT, Plaintiff,**

**v.**

**Lis HOYT, Defendant.**

**Bankruptcy No. 5–87–00524.**

United States Bankruptcy Court,
D. Connecticut.

March 23, 1989.

John Serrano, Hunt & Leibert, Hartford, Conn., for plaintiff/debtor.

Douglas J. McDade, Hartford, Conn., for defendant.

### MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

### BACKGROUND

The plaintiff and the defendant were married on September 3, 1961. On October 8, 1985, the plaintiff petitioned the Connecticut Superior Court for a dissolution of the marriage, which the defendant contested. On December 22, 1986, the state court entered a judgment dissolving the marriage and *inter alia* ordered the plaintiff to transfer all of his right, title and interest in certain real estate and pay one-third of the net proceeds from his grandfather's trust to the defendant. *Memorandum of Law in Support of the Defendant's Motion for Summary Judgment*, Exhibit A at 2–3.[1] The plaintiff conveyed his interest in the real property to the defendant by a quitclaim deed dated June 12, 1987.

The plaintiff filed a voluntary petition under chapter 13 of the Bankruptcy Code on July 16, 1987 and on July 28, 1987, commenced this adversary proceeding alleging that the transfers[2] were fraudu-

---

**1.** The plaintiff alleges that the judgment required him to assume full responsibility for the first and second mortgages on the real estate and the loan to Norman Kamerman. *Debtor's Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment at 1–2.* This allegation is inconsistent with the terms of the judgment and is not explained.

**2.** At oral argument, the plaintiff contended that because his interest in the trust was contingent,

there had been no transfer. This argument is self-defeating. If there was no transfer, the relief sought is not available under § 548 or § 544. Further, § 101(50) of the Code defines a transfer to include "every mode ... absolute or conditional ... of disposing of or parting with property or with an interest in property...." The legislative history of § 101(50) states that the "definition of 'transfer' is as broad as possible." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 314 (1977); S.Rep. No. 95–989, 95th Cong., 2d

lent under Code §§ 548(a)(2) and 544(b).[3] On September 16, 1988, the defendant moved for summary judgment, contending that the plaintiff received reasonably or substantially equivalent value in exchange for the transfers ordered by the state court after trial and that the judgment must be given preclusive effect in this court. The plaintiff contends that neither res judicata nor collateral estoppel are applicable because the issue of whether the plaintiff received "reasonably equivalent value" or "substantial consideration" was not litigated in state court, and even if it was, the creditors of his bankruptcy estate were not parties or privies in the dissolution proceeding.

## DISCUSSION

Bankruptcy Rule 7056 states that Rule 56 Fed.R.Civ.P. applies in adversary proceedings. Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". It is well settled in this circuit that in determining whether to grant summary judgment, the court "cannot *try* issues of fact but can only determine whether there *are* issues of fact to be tried." *Empire Elec. Co. v. United States*, 311 F.2d 175, 179 (2d Cir.1962) (emphasis in original). The moving party has the burden of showing that there is no genuine issue of material fact, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Katz v. Goodyear Tire and Rubber Co.*, 737 F.2d 238, 244 (2d Cir.1984), and all reasonable inferences are to be drawn and all ambiguities are to be resolved in favor of the non-moving party. *Katz, supra,* 737 F.2d at 244.

Title 28 U.S.C. § 1738 provides: "[S]tate judicial proceedings ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." *See Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). There is, however, "nothing in § 1738 that prohibits a federal court from giving collateral estoppel effect to a state court judgment, even if the state court would not." *Falk v. Hecker (In re Falk)*, 88 B.R. 957, 961 (Bankr.D.Minn.1988).

### 1.

### Res Judicata

Res judicata ensures the finality of decisions by barring further claims on the same cause of action by parties or their privies. *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979). *See also Corey v. Avco–Lycoming Division*, 163 Conn. 309, 316–17, 307 A.2d 155 (1972), *cert. denied,* 409 U.S. 1116, 93 S.Ct. 903, 34 L.Ed.2d 699 (1973); *Bridgeport Hydraulic Co. v. Pearson*, 139 Conn. 186, 195–96, 91 A.2d 778 (1952). In applying that doctrine the court of appeals for this circuit has held that

the circumstance that several operative facts may be common to successive actions between the same parties does not mean that the claim asserted in the second is the same claim that was litigated in the first, and that litigation of the second is therefore precluded by the judgment in the first. Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or connected series of transactions is at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first.

*N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1259–60 (2d Cir.1983) (causes of action were not the same though based on the same contract provisions and work rules where events giving rise to two proceedings occurred at different places

Sess. 27 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5813, 6271.

**3.** The plaintiff's amended complaint does not specifically identify the transfers to be avoided.

At oral argument, the parties agreed that the transfers involved are of the plaintiff's interest in the real estate and his one-third interest in the trust.

and times, and concerned different employees engaged in different acts and different employer response to those acts). *See also Tucker v. Arthur Andersen & Co.*, 646 F.2d 721, 727–28 (2d Cir.1981); *Herendeen v. Champion Int'l Corp.*, 525 F.2d 130, 134–35 (2d Cir.1975); *Bridgeport Hydraulic Co., supra*, 139 Conn. at 197, 91 A.2d 778.

Unlike the adversary proceeding here, the complaint in state court sought a dissolution of the marriage. The economic issues were only reached by that court after it had "granted" a "decree of dissolution". *See* Conn.Gen.Stat.Ann. § 46b–40, –81, –82 (West 1986). This is not the same cause of action, and the doctrine of res judicata is therefore not applicable.

### 2.

### Collateral Estoppel

Collateral estoppel bars "the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties, if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim." *United Technologies Corp., supra*, 706 F.2d at 1260. *See also Tucker, supra*, 646 F.2d at 728; *Stone v. Stone (In re Stone)*, 90 B.R. 71, 75 (Bankr.S.D.N.Y.1988); *P.X. Restaurant, Inc. v. Town of Windsor*, 189 Conn. 153, 161–62, 454 A.2d 1258 (1983); *Slattery v. Maykut*, 176 Conn. 147, 156–57, 405 A.2d 76 (1978).

### a. *Same Issue*

Code § 548 provides in pertinent part:

(a) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . .

(2)(A) received less than a reasonably equivalent value in exchange for such transfer or obligation; *and*

(B)(1) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation. . . .

. . . .

(d)(2)(A) "value" means ... satisfaction ... of a present or antecedent debt of the debtor. . . .

(Emphasis added). Code § 544(b) permits the trustee to "avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under § 502. . . ." Connecticut's fraudulent conveyances statute is applicable here and provides:

All fraudulent conveyances ... made or contrived with intent to avoid any debt or duty belonging to others, shall, notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs.

Conn.Gen.Stat.Ann. § 52–552 (West 1960). A conveyance is fraudulent under the state statute " 'if made without substantial consideration by a person who is or will be thereby rendered insolvent.' " *United States v. Edwards*, 572 F.Supp. 1527, 1534 (D.Conn.1983) (*quoting Molitor v. Molitor*, 184 Conn. 530, 536, 440 A.2d 215 (1981)). *See also Town Bank & Trust Co. v. Benson*, 176 Conn. 304, 307, 407 A.2d 971 (1978); *Genovese Coal and Mason's Material Co. v. River Bend Builders, Inc.*, 146 Conn. 48, 51–52, 147 A.2d 193 (1958); *White v. Amenta*, 110 Conn. 314, 318–19, 148 A. 345 (1930).

The quoted statutory provisions require a two pronged test for a determination that a transfer may be avoided, to wit: adequate consideration and insolvency. Therefore, the focus of this controversy is whether the issue of reasonably equivalent value or substantial consideration for the property transferred was raised, litigated, and actually decided by the state court. If it was, the remaining insolvency issue is

irrelevant in this summary judgment proceeding.

The plaintiff argues that the transfers ordered by the state court were intended to accomplish a division of marital property. The defendant, on the other hand, contends that the transfers were intended as an award of alimony. The distinction is of no material significance here.

Under Connecticut law, an award of alimony under Connecticut General Statutes § 46b–82 is based upon one spouse's continuing duty to support the other. *Dubicki v. Dubicki,* 186 Conn. 709, 714 n. 2, 443 A.2d 1268 (1982). Therefore, a transfer, calculated by the state court to satisfy a support obligation, would not deplete the estate since the payment would be matched by an equivalent reduction in that spouse's debt. *See Matter of Ottaviano,* 63 B.R. 338, 341 (Bankr.D.Conn.1986); *Meister v. Jamison (In re Jamison),* 21 B.R. 380, 382 (Bankr.D.Conn.1982).

The result would not change if the state ordered transfers were intended to divide the marital property. Under Connecticut law, the court

(a) ... may assign to either the husband or wife all or any part of the estate of the other.

....

(c) In fixing the nature and value of the property, if any, to be assigned, the court ... shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.

Conn.Gen.Stat.Ann. § 46b–81(a), (c) (West 1986). The standard Connecticut courts use to award alimony and assign property are nearly identical; the "distinguishing characteristic of property assignment is the court's duty to consider the 'contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates.'" *Pasquariello v. Pasquariello,* 168 Conn. 579, 583, 362 A.2d 835 (1975) (quoting Conn.Gen.Stat. § 46–51 [predecessor statute to § 46b–81]).

Assuming the transfer was a court ordered division of property, the judgment, which took into account the circumstances of the parties and the marriage in assigning a percentage of marital property to each, relieved the plaintiff of mortgage and loan obligations in exchange for the defendant's receipt of whatever interest the plaintiff had in the real estate and one-third of what he will receive from the trust.[4] In essence then, under the division of property scenario, the state court found that the value of releasing the plaintiff from the mortgage and loan obligations was reasonably equivalent to the transfer of whatever property interest he held in the real estate and the trust. Similarly, if the transfers were intended as alimony, the plaintiff's support obligation was equated to those transfers. Thus, whether the transfers were alimony or a division of property, the result was a judgment calculated, under the factors established by statute, to achieve an equation of reasonably equivalent value, which subsumes the concept of substantial consideration.

b. *Same Parties*

Collateral estoppel "[protects] litigants from the burden of relitigating an identical issue with the same party or his privy...." *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). *See also P.X. Restaurant, Inc., supra,* 189 Conn. at 161, 454 A.2d 1258; *Slattery, supra,* 176 Conn. at 156–57, 405 A.2d 76. The plaintiff argues that collateral estoppel is not applicable here because the creditors of his bankruptcy estate were not parties or privies in the dissolution proceeding. The plaintiff relies on *Black-man.*

4. There was a first and second mortgage on the house and a loan from one Norman Kammer-

*well v. Wallace (In re Wallace)*, 66 B.R. 834 (Bankr.E.D.Mo.1986), in which the court held that principles of collateral estoppel and res judicata do not apply in a fraudulent transfer or preference action because creditors are not parties to a plaintiff's dissolution proceeding. *See also In re Teltronics Serv., Inc.*, 18 B.R. 705, 706 (E.D.N.Y.1982). It is implicit in the plaintiff's argument that as a chapter 13 debtor, he has a fiduciary duty to the creditors of his bankruptcy estate which was lacking in the state court dissolution proceeding, and that as a consequence, there is no privity between him in his representative capacity here and him in his capacity as plaintiff there.

This court does not take such a restrictive view of privity. As a matter of public policy, collateral estoppel should be applied to "relieve parties of the cost and vexation of multiple suits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." *Allen, supra*, 449 U.S. at 94, 101 S.Ct. at 414. Privity has been defined as a " 'mutual *or successive* relationship to the same rights of property.' " *Price v. Worldvision Enter., Inc.*, 455 F.Supp. 252, 259 (S.D.N.Y.1978) (quoting *Litchfield v. Goodnow*, 123 U.S. 549, 550–51, 8 S.Ct. 210, 210–11, 31 L.Ed. 199 (1887)), *aff'd*, 603 F.2d 214 (2d Cir.1979). *See also Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 301 (7th Cir.1985) ("Strict identity of the parties is not necessary to achieve privity. Privity applies to successive parties who adequately represent the same legal interests."); *Vulcan, Inc. v. Fordees Corp.*, 658 F.2d 1106, 1109 (6th Cir.1981), *cert. denied*, 456 U.S. 906, 102 S.Ct. 1752, 72 L.Ed.2d 162 (1982) (" 'Privity' is an ambiguous term, a shorthand designation for those persons who 'have a *sufficiently close relationship* with the record parties to be bound by the judgment,' " (quoting Note, *Developments in the Law Res Judicata*, 65 Harv.L.Rev. 818, 856 (1952)).

It is inconceivable that the plaintiff's interest in protecting his property rights is greater now that he has a bankruptcy estate to consider than it was in the dissolution proceeding. Instead, I find that the plaintiff's interest in this court is the same as it was in state court and that the plaintiff in his capacity as debtor is in privity with his status as plaintiff in the dissolution action. I accordingly conclude that collateral estoppel is applicable.

This result comports with clearly defined public policy that questions regarding divorce are properly left to the states, with the bankruptcy court's role reduced to a determination of whether what was awarded in state court is or is not in the nature of alimony. *See Pauley v. Spong (In re Spong)*, 661 F.2d 6, 9 (2d Cir.1981). It is unlikely that Congress intended the avoiding powers under §§ 544 and 548 to be used to readjust alimony or a division of property ordered by a state court. *See Harman v. Sorlucco (In re Sorlucco)*, 68 B.R. 748, 754 (Bankr.D.N.H.1986). To conclude otherwise would enable a dissatisfied spouse to retry a dissolution action in this court when it is clear that the proper forum for dissatisfied litigants is in the state's appellate courts.

### CONCLUSION

For the foregoing reasons, the plaintiff is precluded from litigating the issue of "reasonably equivalent value" or "substantial consideration" for the transfers ordered by the state court, there is no issue to be tried by this court, and the defendant's motion for summary judgment is granted.

IT IS SO ORDERED.