**In re Irwin M. BARNETT, Debtor.**

**Manuel DE VENGOECHEA, Plaintiff,**

**v.**

**Irwin M. BARNETT, Defendant.**

**Bankruptcy No. 5–87–00139.**
**Adv. No. 5–87–0093.**

United States Bankruptcy Court,
D. Connecticut.

June 14, 1990.

Edward T. Krumeich, Ivey, Barnum & O'Mara, Greenwich, Conn., for plaintiff.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

### I.

On February 26, 1987, the defendant filed a petition under chapter 7 of the Bankruptcy Code. On May 27, 1987, the plaintiff commenced the instant adversary proceeding under Code § 523(a)(2) and (4),[1] seeking a judgment denying the debtor a discharge of his debt to the plaintiff. The plaintiff's Complaint Objecting to Discharge alleged that in 1984 and 1985 the plaintiff gave a total of $78,637.10 to the defendant to invest in a foreign currency fund managed by the defendant, that the defendant made repeated representations to the plaintiff that the fund was producing substantial earnings, that there was no such fund and the defendant diverted the plaintiff's money for his own use, and that the defendant obtained the plaintiff's money by false pretenses, false representations and fraud within the meaning of § 523(a)(2)(A). On July 6, 1988, the plaintiff was granted relief from the automatic stay provided by § 362(a) to commence a fraud action against the defendant in the district court for this district based upon the facts alleged in the Complaint.[2]

On February 5, 1990, in an action styled *Vengoechea v. Barnett,* Civ. no. B–88–351, the district court entered judgment against the defendant after a jury trial on the plaintiff's claim that the defendant had defrauded him. *Krumeich Affidavit* ¶ 5. On April 16, 1990, the plaintiff filed the instant motion for summary judgment, contending that all of the facts necessary for a judgment in his favor in this action were found in the district court action, that under the principles of collateral estoppel those facts may not be retried in this action, and that summary judgment is therefore appropriate. The defendant has not responded to the motion.

### II.

Rule 56(c) Fed.R.Civ.P., made applicable by Bankruptcy Rule 7056, provides in part:

(c) ... [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

. . . .

(e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts show-

---

1. Code § 523(a) provides in part:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

. . . .

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. . . .

2. The plaintiff filed an Amended Complaint on July 15, 1987, a Second Amended Complaint on February 19, 1988, and a Third Amended Complaint on July 14, 1988. Changes from the Complaint are not relevant to this decision.

ing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In determining whether to grant summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing that there are no material facts in dispute, and all reasonable inferences are to be drawn and all ambiguities are to be resolved in favor of the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Donahue v. Windsor Locks Bd. of Fire Comm'r*, 834 F.2d 54, 57 (2d Cir.1987).

It is "a fundamental precept of common-law adjudication that an issue once determined by a competent court is conclusive." *Arizona v. California*, 460 U.S. 605, 619, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). Thus, the doctrine of collateral estoppel bars "the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding between the parties, if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim." *N.L.R.B. v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983). This doctrine "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979).

■ If a court in a nonbankruptcy proceeding makes factual findings as to certain issues using standards identical to those of § 523(a), then collateral estoppel bars the relitigation of those issues in a dischargeability proceeding in the bankruptcy court. *See Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n.

10, 60 L.Ed.2d 767 (1979); *Bender v. Tobman (In re Tobman)*, 107 B.R. 20, 22 (S.D. N.Y.1989). To prove fraud under § 523(a)(2)(A) and Connecticut common law, it must be shown that: (1) a party made a false representation; (2) the party knew the representation to be false; (3) the representation was made with the intent of deceiving or inducing another to act to his or her detriment; and (4) the other party acted in reliance upon the representation to his or her detriment. *E.g., National Bank of N. Am. v. Newmark (Matter of Newmark)*, 20 B.R. 842, 853–54 (Bankr.E.D.N. Y.1982); *Miller v. Appleby*, 183 Conn. 51, 54–55, 438 A.2d 811 (1981). Further, fraud under § 523(a)(2)(A) and Connecticut common law must be proven by clear and convincing evidence. *E.g., Matter of Newmark, supra*, 20 B.R. at 853; *Miller, supra*, 183 Conn. at 55, 438 A.2d 811.

■ The plaintiff has presented evidence that the issue of fraud was fully litigated and decided in his favor in the district court action and, as noted, the defendant has not responded to the motion as required by Rule 56(e). As the same standards which govern the determination of dischargeability in this court were applicable in the district court action, the issue of fraud may not be retried here and the district court action is dispositive in this proceeding. I conclude that summary judgment is appropriate.

### III.

For the foregoing reasons, the plaintiff's motion is GRANTED and IT IS SO ORDERED.