In re Donald R. CARTER, Jr., Debtor.

Donald R. CARTER, Jr., Plaintiff,

v.

Noreen CARTER, Defendant.

Bankruptcy No. 90–00471.
Adv. No. 90–0214.

United States Bankruptcy Court,
D. Connecticut.

March 17, 1992.

Thomas L. Kanasky, Jr., Bridgeport, Conn., for plaintiff and debtor.

Brian W. Poirier, Hamden, Conn., for defendant.

## MEMORANDUM AND ORDER ON MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

On May 18, 1990, the plaintiff, a Chapter 7 debtor, commenced this adversary proceeding for a determination that a debt owed to the defendant "is not actually in the nature of alimony, maintenance or support ... and is dischargeable in bankruptcy." On July 11, 1990, the defendant filed an answer and counterclaim which sought a determination that the debt is in the nature of alimony, maintenance or support and is not dischargeable in bankruptcy. On November 21, 1991, the defendant filed the instant motion for summary judgment. For the reasons that follow, the motion is granted.

## BACKGROUND

On November 30, 1988, the Connecticut Superior Court entered a judgment which dissolved the marriage of the parties and incorporated their separation agreement ("the Agreement"). The Agreement provided that the plaintiff would pay the defendant certain sums, designated as "alimony".

> IV. Alimony: The plaintiff shall pay alimony to the Defendant of $100.00 per week commencing January 9, 1988. The parties agree that this obligation shall terminate when [the] plaintiff has paid to [the] defendant a total of $8,500.00 hereunder. This obligation to pay alimony shall also terminate if defendant receives a minimum of $8,500.00 from the sale of the jointly owned family home under article VII below. The parties accept these provisions in full and final settlement. This obligation shall be non-modifiable and shall not be dischargeable in bankruptcy.

*Defendant's Affidavit in Support of Motion for Summary Judgment, December 14, 1990, Exhibit A, Separation Agreement, Paragraph IV.* On March 21, 1990, the plaintiff filed a petition under Chapter 7 of the Bankruptcy Code.

## DISCUSSION

Rule 56 F.R.Civ.P., made applicable by Rule 7056 F.R.Bankr.P. provides in pertinent part,

> (c) ... [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

It is well settled that, "[t]he moving party has the burden of showing that there are no material facts in dispute, and all reasonable inferences are to be drawn and all ambiguities are to resolved in favor of the nonmoving party." *In re Barnett*, 115 B.R. 22, 24 (Bankr.D.Conn.1990), (*citing, Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970)). It is equally clear that, "[i]n determining whether to grant summary judgment, the judge's function is not himself to

weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial". *In re Barnett, supra,* 115 B.R. 22, 24, (*quoting Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

The plaintiff argues that the issue of whether an obligation is in the nature of alimony and therefore nondischargeable must be determined by the substance of the obligation not the form by which it is was incurred. *In re Spong,* 661 F.2d 6, 9 (2d Cir.1981). The plaintiff further contends that although the word alimony was used to designate the debt owed to the defendant, the true nature of the obligation was a division of property and that his assertion of that position raises a genuine issue as to a material fact. But for the doctrine of collateral estoppel, that contention would have some merit.

### *Collateral Estoppel*

■ The outcome of the underlying adversary proceeding requires the resolution of a single issue, to wit: was the plaintiff's obligation to the defendant under paragraph IV of the Agreement, which was incorporated into the state court judgment, "actually in the nature of alimony, maintenance, or support"? *See* 11 U.S.C. § 523(a)(5)(B).[1] The resolution of the instant motion, however, turns on whether that factual issue was litigated and decided by the state court. If it was, the doctrine of collateral estoppel may preclude its relitigation a second time in this court. Thus, although the determination of whether an obligation is dischargeable in bankruptcy under § 523(a)(5)(B) is generally made by bankruptcy courts, when that issue was actually litigated in a state court, a majori-

ty of federal courts will apply collateral estoppel to bar its relitigation. *Klingman v. Levinson,* 831 F.2d 1292, 1295 (7th Cir. 1987).

In *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court stated

> Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, [of the Bankruptcy Act] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10.[2] (citations omitted). As this court observed in *In re Hoyt,* 97 B.R. 730, 732 (Bankr. D.Conn.1989).

> Collateral estoppel bars 'the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding, ... if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim'. (Citations omitted).

The doctrine is intended to "relieve parties of the cost and vexation of multiple suits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* at 734 (*quoting, Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)).

---

**1.** Code § 523(a)(5)(B) provides—
 (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
 (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State

or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
 (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

**2.** Section 17, which governed dischargeability of certain debts, is the predecessor of Code § 523(a).

*Same Issue*

■ It is uncontroverted that the defendant sought a dissolution of her marriage and an award of alimony in the counterclaim she filed in the divorce action; she and the plaintiff entered into the Agreement and requested the state court to review and incorporate it into its decree;[3] both parties were represented in the state court proceeding; the Agreement stated in paragraph IV that "the plaintiff shall pay alimony to the Defendant.... This obligation shall be non-modifiable and shall not be discharged in bankruptcy";[4] the state court judgment file, prepared by the plaintiff's attorney, incorporated the Agreement, including the plaintiff's obligation to pay alimony separate and apart from any other provisions; and the state court judgment included a finding that the alimony "as set forth in the Separation Agreement dated 11/30/88 (paragraph IV)" was fair and equitable and ordered the plaintiff to pay it.[5]

It is therefore clear that the issue of alimony was raised and decided by the state court. The question then is whether, regardless of the label used, the alimony awarded by the state court was "actually in the nature of alimony". If it was, a factual issue before the state court is identical to an issue presented here. I conclude that it was and that the Plaintiff's current assertion to the contrary is disingenuous.

Parenthetically, it is observed that § 523(a)(5)(B) makes no distinction between an obligation which arises from an agreement of the parties and one which is ordered in the first instance by a court. Moreover, it is generally recognized that the issue of dischargeability of a debt raises questions of fact, requiring an inquiry beyond the four corners of an agreement which is incorporated into a divorce decree. *In re Brown,* 74 B.R. 968, 971–72 (Bankr. D.Conn.1987). Therefore, in the absence of clear language in a state court judgment that the obligation is actually in the nature

of alimony, an evidentiary hearing in bankruptcy court is necessary to establish that fact.

■ The Agreement in this case expressly stated that the "obligation shall not be dischargeable in bankruptcy". Since only those obligations that are actually in the nature of alimony are not dischargeable in bankruptcy, the conclusion is compelling that the parties, who were represented by attorneys, chose those particular words to express their intention that the obligation was *actually in the nature of alimony.* Further, it is noted that the purpose of alimony under Connecticut law is to meet a spouse's continuing duty of support. *Wood v. Wood,* 165 Conn. 777, 784, 345 A.2d 5 (1974). Similarly, under § 523(a)(5)(B) an obligation is in the nature of alimony when it is intended for the support of the debtor/spouse as opposed to a mere division of the marital property. *Matter of Coil,* 680 F.2d 1170, 1171 (7th Cir.1982).

### *Determination of factual issue essential to state court judgment*

Under Connecticut law:

> where the parties have submitted to the court an agreement concerning ... alimony ..., the court shall inquire into the financial resources and actual needs of the spouses ..., in order to determine whether the agreement of the spouses is fair and equitable under all the circumstances. If the court finds the agreement fair and equitable, it shall become a part of the court file, and if the agreement is in writing, it shall be incorporated by reference into the order or decree of the court.

Conn.Gen.Stat.Ann. § 46b–66 (West 1987). It is therefore apparent that before the state court ordered the plaintiff to pay alimony, "that shall not be dischargeable in bankruptcy", it first reviewed that lan-

---

3. *See* Conn.Gen.Stat.Ann. § 46b–66 (West 1986).

4. *See Defendant's Affidavit in Support of Motion for Summary Judgment, December 14, 1990, Exhibit A, Separation Agreement, Paragraph IV.*

5. *See Defendant's Local Rule 9 Statement of Material Facts, December 17, 1991, paragraphs 6 and 9. See also,* Conn.Gen.Stat.Ann. § 46b–66.

guage in the Agreement and found it to be fair and equitable.

### Actually Litigated

The remaining question is whether an issue is "actually litigated" when it is resolved by a consent judgment. On that point the court in *Klingman v. Levinson, supra,* 831 F.2d at 1296 observed that:

'Justice, then, is probably better served if the principle of collateral estoppel does not apply to unlitigated issues underlying default or consent judgments, or to issues determined by the parties, *unless it can be said that the parties could reasonably have foreseen the conclusive effect of their actions.'* 1B J. Moore, J. Lucas & T. Currier, *Moore's Federal Practice* ¶ 0.444[1], at 794 (2d ed. 1984) (emphasis added). As stated in *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.,* 575 F.2d 530 (5th Cir.1978), if parties to a consent decree 'indicated clearly the intention that the decree to be entered shall not only terminate the litigation of the claims but, also, determine finally certain issues, then their intention should be effectuated.' *(Id.* at 539); *see also Yachts Am., Inc. v. United States,* 230 Ct.Cl. 26, 673 F.2d 356, 360–62, *cert. denied,* 459 U.S. 839, [103 S.Ct. 86, 74 L.Ed.2d 81] ... 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4443, at 382 (1981) ("Issue preclusion does not attach unless it is clearly shown that the parties intended that the issue be foreclosed in other litigation.").

As noted, the parties expressly stated in the Agreement that "This obligation [to pay alimony] shall be non-dischargeable in bankruptcy." Thus, they clearly intended that issue be foreclosed in any future bankruptcy proceeding.

For the foregoing reasons I conclude that collateral estoppel precludes the § 523(a)(5)(B) litigation in this court, the defendant's motion for summary judgment is granted, AND IT IS SO ORDERED.