In re William S. EDWARDS, d/b/a Edwards Excavating, Debtor.

Patricia A. TAVELLA, f/k/a Patricia T. Edwards, Plaintiff,

v.

William S. EDWARDS, Defendant.

Bankruptcy No. 91–50503.
Adv. No. 91–5172.

United States Bankruptcy Court,
D. Connecticut.

March 10, 1993.

Jamie K. Gerard, Nevas, Nevas & Capasse, Westport, CT, for plaintiff.

Andrew F. Fink, Carron, Grace, Weinstein & Fink, Westport, CT, for defendant.

### MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Bankruptcy Judge.

The Plaintiff has moved for a summary judgment, determining that certain obligations of the defendant, her former husband, are nondischargeable. The motion is granted because the only disputed issue has been decided in a state court proceeding.

## BACKGROUND

On November 8, 1990, after a one day dissolution hearing, Judge Novak of the Connecticut Superior Court entered a decree dissolving the marriage of the plaintiff and the defendant. The decree ordered the defendant to indemnify and hold the plaintiff harmless from the following debts (the "Debts"): a $31,900 debt to Ford Motor Credit Corp., guaranteed by plaintiff; a $20,000 debt to Norwalk Municipal Employee Credit Union, on which the plaintiff was a co-signer; and credit card debts of approximately $1,650.[1]

At the dissolution hearing, the plaintiff testified that the defendant had threatened on several occasions to file a bankruptcy petition. *Plaintiff's Exhibit No. 6*, p. 207. The plaintiff's attorney argued that indemnification against liability for the Debts was necessary for the plaintiff's continued support, that if the defendant's obligation was discharged in bankruptcy, the plaintiff would not "be able to support herself," and that the judge should state in the decree that the indemnification was necessary for her support so that the obligation would not be discharged in bankruptcy. *Id.* at pp. 208–212. The defendant's attorney objected, arguing that an award for the plaintiff's support would deprive the defendant of the benefit of a bankruptcy discharge, that the plaintiff could support herself, and that if she could not, she could file a bankruptcy petition. *Id.* at pp. 215–217.

The decree provided:

> This order is made for the purpose of freeing the plaintiff of her liability as to these past obligations [the Debts] so that she may properly care for herself. This indemnification is necessary for the plaintiff's continued economic welfare and accordingly, the defendant's obligation in this respect is in the nature of alimony and support.

*Plaintiff's Exhibit No. 1*, Paragraph 7.

On March 1, 1991, the defendant filed a chapter 7 petition. This adversary proceeding was commenced to determine whether the defendant's obligation to indemnify the

---

1. An alimony arrearage of $850, which the plaintiff originally claimed as nondischargeable, was paid by the defendant. Plaintiff's *Statement of Material Facts*, June 12, 1992, p. 3.

plaintiff from the Debts is nondischargeable under Code § 523(a)(5)(B).[2]

## DISCUSSION

Rule 56(c) F.R.Civ.P., made applicable by Rule 7056 F.R.Bankr.P., requires that summary judgment

> shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"In determining whether summary judgment is appropriate, 'the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'" *Jenkins v. Glynn (In re Glynn)*, 138 B.R. 360, 361 (Bankr.D.Conn. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The moving party bears the burden of showing that no material facts are in dispute, and all reasonable inferences are to be drawn and all ambiguities are to be resolved in favor of the non-moving party. *Id.*

The outcome of the underlying adversary proceeding requires the resolution of a single issue, to wit: was the defendant's obligation to indemnify the plaintiff from liability for the Debts, "actually in the nature of alimony, maintenance, or support"? If it was, the obligation is not dischargeable. *See* § 523(a)(5)(B); *Forsdick v. Turgeon*, 812 F.2d 801 (2d Cir.1987). The resolution of this motion for summary judgment, however, turns on whether that factual issue was raised, litigated, and actually decided by the state court. If it was, the doctrine of collateral estoppel will preclude its relitigation a second time in this court. *Carter v. Carter (In re Carter)*, 138 B.R. 356, 358 (Bankr.D.Conn.1992).

## *Collateral Estoppel*

■ The fact that a state court award is labelled alimony or support is not determinative of the § 523(a)(5)(B) issue. *Sweeny v. Sweeny (In re Sweeny)*, 99 B.R. 192, 195 (Bankr.D.Conn.1989). The bankruptcy court must determine whether a particular award is actually in the nature of alimony, maintenance, or support where the actual nature of the award has not already been determined by the state court. *Vaudreuil v. Busconi (In re Busconi)*, 140 B.R. 308, 312–313 (Bankr.D.Mass.1992); *In re Smith*, 125 B.R. 630, 631 (Bankr. E.D.Okla.1991). However, where a state court of appropriate jurisdiction[3] has determined the actual nature of the award, § 523(a)(5)(B) does not require that the bankruptcy court redetermine this issue. *See Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991) (finding the application of collateral estoppel based on a prior state court judgment was appropriate notwithstanding the fact that the determination of dischargeability of a fraud claim is within exclusive jurisdiction of bankruptcy court); *Leslie v. Hart (In re Hart)*, 130 B.R. 817, 847 (Bankr.N.D.Ind. 1991) (applying collateral estoppel in a § 523(a)(5) determination); *Polley v. Spangler (In re Polley)*, 74 B.R. 68, 71 (Bankr. S.D.Ohio 1987). As this court stated in *In re Carter, supra*, 138 B.R. at 358:

> [A]lthough the determination of whether an obligation is dischargeable in bankruptcy under § 523(a)(5)(B) is generally made by bankruptcy courts, when that issue was actually litigated in a state court, a majority of federal courts will apply collateral estoppel to bar its relitigation. *Klingman v. Levinson*, 831 F.2d 1292, 1295 (7th Cir.1987).

**2.** Section 523(a)(5)(B) excepts from discharge "any debt ... to a ... former spouse ... of the debtor, for alimony to, maintenance for, or support of such spouse ..., in connection with a ... divorce decree ..., but not to the extent that—such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support."

**3.** The state court had jurisdiction to determine the issue of whether the award it made was necessary for the plaintiff's support. Conn.Gen. Stat.Ann. §§ 46b–42, 46b–81, 46b–82.

In *Brown v. Felsen*, 442 U.S. .127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979), the Supreme Court stated

Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually and necessarily decided in a prior suit. If, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17, [of the Bankruptcy Act, the predecessor to Code § 523(a) ] ... then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court.

*Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10 (citations omitted). As this court observed in *In re Hoyt*, 97 B.R. 730, 732 (Bankr.D.Conn.1989).

Collateral estoppel bars 'the relitigation of an issue of law or fact that was raised, litigated, and actually decided by a judgment in a prior proceeding, ... if the determination of that issue was essential to the judgment, regardless of whether or not the two proceedings are based on the same claim'. (Citations omitted).

The doctrine is intended to "relieve parties of the cost and vexation of multiple suits, conserve judicial resources, and by preventing inconsistent decisions, encourage reliance on adjudication." *Id.* at 734 (*quoting, Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980)).

(Footnote omitted).

 In order for collateral estoppel to bar relitigation of the alimony issue, it must appear that: (i) the same factual or legal issue was decided by the state court, (ii) determination of the issue was essential to the state court judgment and (iii) the issue was actually litigated and decided by the state court. *Nat'l Labor Relations Bd. v. United Technologies Corp.*, 706 F.2d 1254, 1260 (2d Cir.1983). As to the first element, it is noted that the purpose of alimony in Connecticut is to meet a spouse's continuing duty of support. *In re*

*Carter, supra*, 138 B.R. at 359; *Wood v. Wood*, 165 Conn. 777, 784, 345 A.2d 5 (1974). Similarly, under § 523(a)(5)(B) an obligation is "actually in the nature of alimony, maintenance, or support" when it is intended for the support of the nondebtor spouse as opposed to a mere division of property. *Matter of Coil*, 680 F.2d 1170, 1171 (7th Cir.1982). As noted, *supra* at p. 2, the plaintiff sought a finding from the state court that indemnification from liability for the Debts was necessary for her support. The state court determined that issue. The decree stated that the indemnification was necessary for the plaintiff's "economic welfare" to enable her to "properly care for herself," and that the obligation was "in the nature of alimony and support." Those words were more than mere labels attached to the award; they unequivocally expressed the finding that the award was "alimony" not in form only, but in substance, and actually necessary for the plaintiff's support.

The second and third elements are also satisfied. The plaintiff argued that the indemnification obligation was essential for her support, not merely as a property division. The plaintiff requested that the judge include this finding in the decree so that the defendant could not discharge that debt in a subsequent bankruptcy proceeding. The granting of that request demonstrates that the judge concluded that a statement of the actual nature of the indemnification obligation was essential to afford the plaintiff with complete and meaningful support. The state court awarded that support over the objection of the defendant. The Bankruptcy Code does not require this court to reexamine the factual findings of the state court judge who possesses special expertise in dissolution matters. This court does not sit as an appellate court, and I decline the defendant's invitation to serve in such a role.

Plaintiff's Motion for Summary Judgment is granted, and IT IS SO ORDERED.