In re Patrick J. SIKORSKI, Debtor.

Okemo Mountain, Inc., Plaintiff,

v.

Patrick J. Sikorski, Defendant.

Bankruptcy No. 95–50858.
Adversary No. 95–5119.

United States Bankruptcy Court,
D. Connecticut.

Oct. 6, 1999.

Peter G. Kruzynski, Susman, Duffy & Segaloff, P.C., New Haven, Connecticut, for plaintiff Okemo Mountain, Inc.

Scott M. Charmoy, The Law Offices of Ira B. Charmoy, LLC, Fairfield, Connecticut, for defendant Patrick J. Sikorski.

## MEMORANDUM AND ORDER

ALAN H.W. SHIFF, Chief Judge.

Okemo Mountain, Inc., has moved for summary judgment on the basis that the prosecution of this adversary proceeding, which seeks a determination that a state court judgment debt is nondischargeable under § 523(a)(2)(A) or § 523(a)(6), is barred by collateral estoppel.

## BACKGROUND

In 1993, Okemo commenced an action against Patrick Sikorski and others in the United States District Court for the District of Vermont alleging, *inter alia*, fraudulent inducement. Sikorski appeared *pro se* at the trial. *Debtor's Memorandum of Law in Opposition*, at 3. On May 10, 1995, the District Court entered judgment against Sikorski in the amount of $453,-478.86, *see Okemo Mountain, Inc. v. Patrick J. Sikorski and Overseas Services, Inc*, Docket No. 5:93–CV–22, at 20 ("Vermont Judgment").

On June 9, 1995, Sikorski filed a chapter 7 petition in this court. On that date he also filed a notice of appeal of the Vermont Judgment, which thereafter was dismissed without prejudice because of the bankruptcy petition. Okemo commenced the instant adversary proceeding on August 17, 1995, seeking a determination that the Vermont Judgment is nondischargeable under § 523(a)(2)(A). On September 25, 1996, Okemo amended the complaint to add a second count under § 523(a)(6).

Okemo filed this motion for summary judgment, contending that all of the elements under §§ 523(a)(2)(A) and 523(a)(6) were determined in the Vermont Judgment, so collateral estoppel bars further litigation. Sikorski's sole objection, as to count one, is that § 523(a)(2)(A) requires Okemo to show that he personally benefitted from the fraud, and the District Court

did not make that specific determination. *Memorandum of Law in Opposition*, at 8. Sikorski further contends that summary judgment should be denied as to the second count because the Vermont Judgment made no specific finding that Sikorski intended to cause injury to Okemo or acted maliciously.

## DISCUSSION

*Summary Judgment*

Summary Judgment may be granted only when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. *See Fran Corp. v. United States of America*, 164 F.3d 814, 816 (2nd Cir.1999) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). In determining whether summary judgment is appropriate, the evidence and all reasonable inferences drawn therefrom, must be construed in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

*Collateral Estoppel*

■ Collateral estoppel bars a party and its privies from relitigating an issue determined by a prior judgment if: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was a full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *National Labor Relations Board v. Thalbo Corp.*, 171 F.3d 102, 109 (2nd Cir.1999). The collateral estoppel analysis would ordinarily require a determination of whether all of the elements of that doctrine have been satisfied. But here, as noted, the sole question is whether the issues that informed the determination of fraud by the District Court are identical to the issues raised under § 523(a)(2)(A).

Under section 523(a)(2)(A), a debt for money, property, services, or an extension of credit is nondischargeable "to the extent obtained—by false pretenses, a false representation, or actual fraud...." 11 U.S.C. § 523(a)(2)(A) (1994). In rendering the Vermont Judgment, the District Court noted:

> Under Vermont law, '[a]n action for fraud and deceit will lie upon an intentional misrepresentation of existing fact, affecting the essence of the transaction, so long as the misrepresentation was false when made and known to be false by the maker, was not open to the defrauded party's knowledge and was relied on by the defrauded party to his damage.' It is [Okemo]'s burden to prove each element of the standard by clear and convincing evidence.

*Vermont Judgment,* at 12. In applying that law, the District Court concluded that Sikorski had fraudulently induced Okemo:

> The evidence presented to the Court clearly and convincingly demonstrated that Sikorski, acting individually, misrepresented his experience and capabilities ... In addition, [he] made a specific factual representation as to [a] sponsorship commitment of $50,000.... Sikorski knew these representations were false at the time that he made them.

*Id.* at 13. The District Court awarded Okemo damages for fraudulent inducement based on its total net loss. *Id.* at 14.

■ Sikorski argues that the prerequisites to a finding of fraud under Vermont law are not identical to those under § 523(a)(2)(A) because § 523(a)(2)(A) requires the additional showing that the debtor benefitted from the misrepresentation. The argument is without merit because § 523(a)(2)(A) has no such requirement. Under § 523(a)(2)(A), *any* damages

attributable to fraud are excepted from discharge. *See Cohen v. De La Cruz,* 523 U.S. 213, 218, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) ("limiting the exception to the value of the money or property fraudulently obtained by the debtor could prevent even a compensatory recovery for losses occasioned by fraud.").

More to the point, the elements of fraud under the Vermont law applied by the District Court are identical to the requirements of § 523(a)(2)(A). *See In re Barnett,* 115 B.R. 22, 24 (Bankr.D.Conn.1990) ("To prove fraud under that section the claimant must persuasively demonstrate that: '(1) [the debtor] made a false representation; (2) ... knew the representation to be false; (3) ... made [it] with the intent of deceiving or·inducing another to act to his. or her detriment; and (4) the other party acted in reliance upon the representation to his or her detriment.'") (internal citations omitted). Accordingly, collateral estoppel is applicable.[1]

*Section 523(a)(6)*

Okemo's § 523(a)(6) claim need not be addressed in light of the determination that the debt is not dischargeable under § 523(a)(2)(A).

### ORDER

For the foregoing reasons, there are no material facts in dispute since collateral estoppel bars the relitigation of Sikorski's fraud. The debt established by the Vermont Judgment is therefore nondischargeable. Accordingly, Okemo's motion for summary judgment is GRANTED; and

IT IS SO ORDERED.

---

1. The standard of proof under § 523(a) is a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 287, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). As noted, the District Court applied the law of Vermont which required the higher standard of clear and convincing evidence. Because collateral estoppel applies in a § 523 proceeding where the prior judgment required the same or greater burden of proof, *see id.* at 285, 111 S.Ct. 654 and *In re Roberti, supra,* 201 B.R. at 621, it necessarily applies here.