## CHESTER JOHNSON v. PERSONNEL APPEAL BOARD

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and SPEZIALE, JS.

Argued December 13, 1977—decision released April 4, 1978

*Michael Sucoll,* with whom was *Arnold I. Menchel,* for the appellant (plaintiff).

*David J. Della-Bitta,* assistant attorney general, with whom, on the brief, were *Carl R. Ajello,* attorney general, and *Bernard F. McGovern, Jr.,* assistant attorney general, for the appellee (defendant).

PER CURIAM. The plaintiff, Chester Johnson, has appealed from a judgment of the Court of Common Pleas sustaining a decision by the personnel appeal board (hereinafter board). The board had ruled that Johnson was improperly dismissed from his position as chief of contracts for the department of public works, but it conditioned his return to duty upon clearance by a state physician. On appeal, Johnson claims that the court erred in determining that the board had neither exceeded its statutory authority by expanding the parameter of the plaintiff's administrative appeal without notice, nor acted arbitrarily, capriciously or in excess of its statutory authority by imposing conditions on Johnson's reinstatement. We hold that the board had authority to act as it did, and that the court below did not err in dismissing the appeal.

On March 19, 1975, the board heard the appeal of Johnson, challenging his dismissal from the department of public works for "failure to return to duty within five working days following authorized leave." After a full hearing, the board found the following facts: Johnson was chief of the contracts section in the public works department. On October 28, 1974, he suffered a myocardial infarction which required his hospitalization. The illness was properly reported to his department and he was credited with his remaining accrued time. This accrued time was exhausted on November 4, 1974, and he was carried on a leave of absence without pay pending his request for such leave and receipt of medical verification of his illness. On November 25, he was notified by letter that the leave which commenced November 4 would expire on December 4, and that if further leave were necessary it should be requested and medical substantiation provided. No response by or on behalf of Johnson was forthcoming. On December 12, 1974, he was dismissed, effective December 26, for his unauthorized absence for five working days after termination of his leave of absence on December 4.

The board decided that Johnson's failure to respond to the November 25 letter was improper, but that the department of public works had constructive knowledge of the circumstances and should have continued him on some type of leave until the situation could be more definitely resolved. On the basis of its findings, the board ordered that Johnson's dismissal be rescinded; however, rather than order his immediate reinstatement, it ordered that his leave of absence without pay be continued from December 5, 1974, until such time as clearance was obtained from a state physician. In outlining its

reasons for framing relief in this manner, the board referred to testimony of Johnson and his wife that his work situation contributed greatly to his coronary attack. It emphasized that the conditional reinstatement was being ordered for the protection of *both* the state and Johnson.

Johnson claims that the board, in acting as it did, improperly expanded the parameter of his appeal without prior notice. Under the circumstances, this argument lacks merit. Johnson's illness was an issue clearly before the board, because the extent of his disability and the department of public works' constructive knowledge of his condition were the very grounds upon which he argued that his dismissal was improper.[1] Therefore, we find no merit to his claim that he did not have notice that the board would consider the implications of the illness which he had brought to their attention.

The contention that the board lacked authority to order reinstatement subject to a condition is similarly lacking in substance. General Statutes § 5-202 (c) provides in relevant part: "If, after hearing, a majority of the hearing panel determines that the action appealed from was arbitrary or taken without reasonable cause, the appeal shall be sustained. . . . The hearing panel shall have the power to direct appropriate remedial action and shall do so after taking into consideration just and equitable relief to the employee and the best interests and effectiveness of the state service." Where the language of a statute is clear and unambiguous,

---

[1] Johnson does not acknowledge in his brief that this was the basis of his claim before the board. In fact, his brief on appeal is devoid of *any* reference to his illness. The contents of the record and the findings of the board indicate, however, that Johnson's illness was the only ground for challenging the validity of his dismissal.

its meaning may not be modified by construction. *Kulis* v. *Moll,* 172 Conn. 104, 110, 374 A.2d 133 (1976); *Thibeault* v. *White,* 168 Conn. 112, 115, 358 A.2d 358 (1975); *International Business Machines Corporation* v. *Brown,* 167 Conn. 123, 134, 355 A.2d 236 (1974). The language of the statute explicitly authorizes the board to direct appropriate remedial action after considering the interests of both the employee and the state. This is precisely what the board did when it ordered that Johnson's reinstatement be conditioned on a physician's favorable report. The court below was correct in dismissing Johnson's appeal.

There is no error.