P. X. Restaurant, Inc. *v.* Town of Windsor

Anthony L. Martorelli, President, P. X.
Restaurant, Inc. *v.* John H. Pratt, Acting
Building Official, Town of Windsor
(11106)

Peters, Healey, Parskey, Shea and Sponzo, Js.

Argued October 8, 1982—decision released February 1, 1983

*Aaron P. Slitt*, for the appellant (plaintiff in each case).

*Andrew G. Messina, Jr.*, for the appellee (defendants John H. Pratt et al.).

*Wayne C. Gerlt*, for the appellees (defendants Mario Laiuppa et al.).

Sponzo, J. In this appeal the unchallenged facts are summarized as follows: In 1980 the plaintiffs, P. X. Restaurant, Inc., as backer and Anthony L. Martorelli as permittee applied to the department of liquor control for permission to remove their restaurant business having a restaurant liquor permit to another location. The plaintiffs sought permission to move their business from 422 Windsor Avenue, Windsor, where it had been operated for more than twenty years to a location at 425 Windsor Avenue, directly across the street. After a hearing before the liquor control commission, the department granted this application pursuant to the provisions of General Statutes § 30-52.[1]

---

[1] "[General Statutes] Sec. 30-52. PERMIT TO SPECIFY LOCATION AND REVOCABILITY. REMOVAL TO ANOTHER LOCATION. Every permit for the sale of alcoholic liquor shall specify the town and the particular building or place in such town in which such liquor is to be sold, and shall not authorize any sale in any other place or building. Such permit shall also be made revocable in terms for any violation of any of the provisions of this chapter. Notwithstanding the existence of any local zoning ordinance or general statute prohibiting or affecting the establishment or removal to a new location of an alcoholic liquor use within certain specified distances of other

The commission found that the town of Windsor had acquired the premises located at 422 Windsor Avenue in 1975 through negotiations but under the threat of the exercise of the power of eminent domain. The commission also found that the new location was in a business zone and within a radius of 750 feet from the present location. Although the town of Windsor and the intervening defendants, Mario Laiuppa and Rejeanne Laiuppa, appealed from this action of the department of liquor control, the town of Windsor withdrew its appeal and the intervening defendants' appeal was dismissed because of a lack of aggrievement.

Shortly after the approval of their application to remove, the plaintiffs made application to the

alcoholic liquor uses of the same or different kinds, the department of liquor control, in cases of hardship and in cases caused by reason of the commencement of an eviction action against such permittee from the particular building or place in such town specified in such permit, may endorse upon such permit permission to the permittee to remove from one building or place in any zone to another building or place in a proper business or industrial zone, and the permittee shall thereupon be authorized to remove to such new location with such permit. The applicant for such permission shall specify the building or place to which he wishes to remove, and such new location shall comply with all other provisions of the local zoning ordinances or general statutes except as hereinbefore provided; and such permittee shall be allowed to move such permit premises only within a radius of seven hundred fifty feet of the old permit premises. The removal of the permit premises from the particular building or place specified in the permit without the approval of the department shall be grounds for the suspension or revocation of the permit. In such cases an appeal from an order refusing permission to remove may be taken in accordance with the provisions of section 30-60. If the site of any permit premises is taken or threatened to be taken in the exercise of the power of eminent domain, the department may authorize the relocation of such permit premises to a new location, any local ordinance or general statute notwithstanding, provided such new location is zoned for business use and is within a radius of seven hundred fifty feet from the point, on the boundary of the overall site of the proposed taking, nearest to the site of such permit premises."

defendant, John H. Pratt, acting building inspector of Windsor, for a building permit to make alterations to the premises located at 425 Windsor Avenue. Pratt denied this application on the ground that there were numerous violations of the Windsor zoning ordinances and regulations. The plaintiffs concede that the size of the proposed building at 425 Windsor Avenue, the number of available spaces for parking cars and the lack of a buffer zone constitute violations of the zoning ordinances and regulations.

On July 22, 1980, the plaintiffs filed an action in the Superior Court in which they sought a writ of mandamus to compel Pratt to issue a building permit. At the same time there was pending an action for eviction in the Housing Session of the Superior Court in Hartford wherein the town of Windsor had obtained a stipulated judgment against the plaintiffs, which judgment provided for a stay of execution until July 31, 1980.

The plaintiffs then filed an action in the Housing Session of the Superior Court in which they sought a restraining order and a permanent injunction enjoining the town of Windsor from seeking execution of the summary process judgment. On July 29, 1980, the court granted a temporary injunction. Thereafter, on motion by the plaintiffs, the action for mandamus and the action for injunctive relief were consolidated for the purpose of trial.

The plaintiffs have appealed from the judgments rendered against them in both actions. They assign three claims of error, namely: (1) that the court exceeded the scope of permissive inquiry by interpreting General Statutes § 30-52 since the depart-

ment of liquor control had decided the issue and the appellate process had been exhausted; (2) that the court was incorrect in its interpretation of § 30-52; and (3) that the court erred in permitting Mario and Rejeanne Laiuppa to be defendants in the mandamus action.

In the interest of brevity and clarity we shall consider the first two claims of error together because the resolution of the statutory construction issue will determine the disposition of the issue of estoppel. In support of their claim that the court erred in its interpretation of General Statutes § 30-52 the plaintiffs rely on the difference in wording of two clauses of § 30-52. The "hardship" or "eviction" provision reads as follows: "Notwithstanding the existence of any local zoning ordinance or general statute prohibiting or affecting the establishment or removal to a new location of an alcoholic liquor use within certain specified distances of other alcoholic liquor uses of the same or different kinds, the department of liquor control, in cases of hardship and in cases caused by reason of the commencement of an eviction action against such permittee from the particular building or place in such town specified in such permit, may endorse upon such permit permission to the permittee to remove from one building or place in any zone to another building or place in a proper business or industrial zone, and the permittee shall thereupon be authorized to remove to such new location with such permit. The applicant for such permission shall specify the building or place to which he wishes to remove, and such new location *shall comply with all other provisions of the local zoning ordinances or general statutes except as hereinbefore* provided; and such permittee shall be

allowed to move such permit premises only within a radius of seven hundred fifty feet of the old permit premises." (Emphasis added.)

The plaintiffs concede that, if this portion of the statute were applicable, they would not be entitled to a building permit from Pratt because the local zoning ordinances and regulations would prevail. These plaintiffs contend, however, that they are entitled to the building permit because of the "eminent domain" provision of this same statute, which reads as follows: "If the site of any permit premises is taken or threatened to be taken in the exercise of the power of eminent domain, the department may authorize the relocation of such permit premises to a new location, *any local ordinance or general statute notwithstanding,* provided such new location is zoned for business use and is within a radius of seven hundred fifty feet from the point, on the boundary of the overall site of the proposed taking, nearest to the site of such permit premises." (Emphasis added.)

It is conceded by the plaintiffs that the department of liquor control granted their application to relocate their liquor permit pursuant to § 30-52 of the General Statutes. In order to be entitled to a writ of mandamus the following essential conditions must exist: "(1) that the party against whom the writ is sought must be under an obligation imposed by law to perform some such duty, that is, a duty in respect to the performance of which he may not exercise any discretion; (2) that the party applying for the writ has a clear legal right to have the duty performed; and (3) that there is no other sufficient remedy." *Bassett* v. *Atwater,* 65

Conn. 355, 360, 32 A. 937 (1895); *Sterner* v. *Saugatuck Harbor Yacht Club, Inc.*, 188 Conn. 531, 534, 450 A.2d 369 (1982).

In determining whether the essential conditions exist, we must examine § 30-52 closely. If the words of a statute are clear, the duty of a reviewing court is to apply the legislature's directive since "where the wording is plain, courts will not speculate as to any supposed intention because the question before a court then is not what the legislature actually intended but what intention it expressed by the words that it used." *Robinson* v. *Unemployment Security Board of Review*, 181 Conn. 1, 6, 434 A.2d 293 (1980); *Verrastro* v. *Sivertsen*, 188 Conn. 213, 220, 448 A.2d 1344 (1982).

The meaning of the "hardship" provision that the "new location shall comply with all other provisions of the local zoning ordinances or general statutes" and the "eminent domain" provision that "any local ordinance or general statute notwithstanding" is ambiguous. The intent of the eminent domain provision is not immediately apparent from its language. A review of the legislative history of the statute sheds no light. Although the word "any" may be all inclusive, its meaning in the phrase "any local ordinance or general statute notwithstanding" is restricted by the context and subject matter of the statute. *Donohue* v. *Zoning Board of Appeals*, 155 Conn. 550, 556, 235 A.2d 643 (1967). Under similar circumstances we have considered the entire paragraph in which the ambiguous words appear, the mischief it was designed to remedy and the policy underlying it to be more significant in determining the legislative intent expressed by the words than exclusive reli-

ance on a dictionary definition. *LaProvidenza* v. *State Employees' Retirement Commission,* 178 Conn. 23, 28, 420 A.2d 905 (1979).

"Where there is ambiguity in the wording of a statute, the title of the legislation is an aid to statutory construction." *Algonquin Gas Transmission Co.* v. *Zoning Board of Appeals,* 162 Conn. 50, 55, 291 A.2d 204 (1971). The heading of § 30-52, "Permit to specify location and revocability. Removal to another location," speaks of permits and removal but only in terms of location. All of the statutes in chapter 545, in which authority is given to the department of liquor control to issue permits, limit this power to a consideration of the location or suitability of applicants. Harm from the sale of liquor, as it relates to place or person, is a matter of special knowledge acquired by the commission appointed for that purpose. *Biz* v. *Liquor Control Commission,* 133 Conn. 556, 560, 53 A.2d 655 (1947).

It is reasonable, therefore, to construe the eminent domain provision as the exclusive law concerning the relation of location and liquor sale because such a construction is consistent with the scope of the Liquor Control Act and within the commission's expertise. It is also reasonable, however, to imply that liquor premises are subject to local zoning ordinances which involve matters other than location. Once a liquor location is approved there may be additional health, safety and welfare factors unrelated to the fact that liquor will be sold at that location. These are zoning matters of local concern and thus are within the expertise of local authorities. *Goldberg* v. *Zoning Commission,* 173 Conn. 23, 27, 376 A.2d 385 (1977). Where the legislature has delegated to the local government

the power to deal with a particular field of regulation, i.e., zoning, the fact that a statute regulates the same subject in a limited way does not by that very fact deprive the local government of the power to act in a more comprehensive, but not inconsistent manner. *Connecticut Theatrical Corporation* v. *New Britain,* 147 Conn. 546, 552, 163 A.2d 548 (1960).

The "hardship" and "eminent domain" provisions are readily distinguishable. The "hardship" provision is solely concerned with distances between liquor outlets whereas the "eminent domain" clause is broader and concerned with distances between the liquor permit premises and other premises such as schools, churches, and institutions which are not involved with the sale of alcoholic beverages.

The interpretation of the trial court was, therefore, correct. Pratt was under no obligation to issue a building permit and the plaintiffs had no clear right to a building permit. Pratt was bound by the zoning ordinances to deny the building permit inasmuch as there were violations existing on the new premises.

In order to invoke the doctrine of estoppel, which is the first claim of error, the plaintiffs must establish that an issue has been litigated. "Collateral estoppel is that aspect of the doctrine of res judicata which serves to estop the relitigation by parties and their privies of any right, fact or legal matter which is put in issue and has been once determined by a valid and final judgment of a court of competent jurisdiction." *State* v. *Wilson,* 180 Conn. 481, 485, 429 A.2d 931 (1980). The party or his privy against whom collateral estoppel is asserted, therefore, must have been given a full

and fair opportunity to litigate in a prior proceeding the issue sought to be precluded in the subsequent proceeding. *Brockett* v. *Jensen,* 154 Conn. 328, 338, 225 A.2d 190 (1966). The issue before the commission was limited to location. The issues relating to the number of parking spaces, the size of the building and the buffer zone were not considered by the department of liquor control. The plaintiffs cannot prevail on this claim.

The plaintiffs have failed to brief the final issue and that claim of error is considered abandoned. *Katsetos* v. *Nolan,* 170 Conn. 637, 641, 368 A.2d 172 (1976).

There is no error.

In this opinion the other judges concurred.