## RAYMOND BREEN ET AL. *v.* DEPARTMENT OF LIQUOR CONTROL ET AL.
### (2141)

HULL, BORDEN and SPALLONE, Js.

Argued June 14—decision released September 25, 1984

*Robert S. Kolesnik,* with whom, on the brief, was *Mitchell Berger,* for the appellants (plaintiffs).

*Robert F. Vacchelli,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard M. Sheridan,* assistant attorney general, for the appellee (named defendant).

*Mark W. Dost,* with whom, on the brief, was *Augustus R. Southworth III,* for the appellees (defendants Jason-Woodbury, Inc., et al.).

BORDEN, J. This appeal[1] presents the question of whether the power of the department of liquor control (department) to authorize the removal of a liquor store permit premises is limited by the provisions of General Statutes § 30-52. We hold that it is.

On July 29, 1982, the original defendant, James Hicks,[2] filed an application with the department in order to remove his retail liquor store business from West Main Street, Waterbury, to Main Street South, Woodbury, a distance of approximately seven miles. The proposed location complied with the Woodbury zoning ordinances. The plaintiffs, Raymond Breen and Angus Thurrott, doing business as Country Spirit Shop,[3] are owners of a retail liquor store business in Woodbury. A remonstrance was filed and at the hearing the plaintiffs requested and were granted party status. After a hearing, the department approved the removal application, concluding that General Statutes § 30-52 did not control and that the removal was not in violation of the moratorium on the issuance of new permits established by Public Acts 1981, No. 81-294, § 5, now General Statutes § 30-17a. The plaintiffs appealed the decision of the department to the Superior Court. The trial court concluded that the department had the authority to grant the application for removal, and that the hardship and distance restrictions found in General Statutes § 30-52 only apply when an applicant for removal is unable to comply with certain zoning ordinances relating to proximity of liquor outlets. It accordingly rendered a judgment dismissing the appeal. From that judgment the plaintiffs appeal.

[1] This appeal was originally filed in the Appellate Session of the Superior Court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 3 (c).

[2] On February 18, 1983, Jason-Woodbury, Inc., purchased Hicks' liquor store business and was, by stipulation of the parties, substituted as a defendant. The department of liquor control is also a defendant.

[3] There were other plaintiffs but they all withdrew from this action on November 25, 1982.

The plaintiffs argue that the trial court erred in concluding that General Statutes § 30-52[4] limits the removal power of the department to a radius of 750 feet from the old permit premises only when there is a violation of a local zoning law and that, absent such a violation, the department had the authority to grant a removal beyond the 750 foot limit. The plaintiffs maintain that the department's removal power can be exercised only under certain circumstances and that even when those circumstances are present, removal is authorized only within a 750 foot radius of the old permit premises. We agree.

[4] General Statutes § 30-52 provides: "Every permit for the sale of alcoholic liquor shall specify the town and the particular building or place in such town in which such liquor is to be sold, and shall not authorize any sale in any other place or building. Such permit shall also be made revocable in terms for any violation of any of the provisions of this chapter. Notwithstanding the existence of any local zoning ordinance or general statute prohibiting or affecting the establishment or removal to a new location of an alcoholic liquor use within certain specified distances of other alcoholic liquor uses of the same or different kinds, the department of liquor control, in cases of hardship and in cases caused by reason of the commencement of an eviction action against such permittee from the particular building or place in such town specified in such permit, may endorse upon such permit permission to the permittee to remove from one building or place in any zone to another building or place in a proper business or industrial zone, and the permittee shall thereupon be authorized to remove to such new location with such permit. The applicant for such permission shall specify the building or place to which he wishes to remove, and such new location shall comply with all other provisions of the local zoning ordinances or general statutes except as hereinbefore provided; and such permittee shall be allowed to move such permit premises only within a radius of seven hundred fifty feet of the old permit premises. The removal of the permit premises from the particular building or place specified in the permit without the approval of the department shall be grounds for the suspension or revocation of the permit. In such cases an appeal from an order refusing permission to remove may be taken in accordance with the provisions of section 30-60. If the site of any permit premises is taken or threatened to be taken in the exercise of the power of eminent domain, the department may authorize the relocation of such permit premises to a new location, any local ordinance or general statute notwithstanding, provided such new location is zoned for business use and is within a radius of seven hundred fifty feet from the point, on the boundary of the overall site of the proposed taking, nearest to the site of such permit premises."

Where the meaning of a statute is clear and the language unambiguous, the enactment speaks for itself and leaves no room for construction by the court. *Connecticut State Board of Labor Relations* v. *Board of Education,* 177 Conn. 68, 73, 411 A.2d 28 (1979); *Frazier* v. *Manson,* 176 Conn. 638, 642, 410 A.2d 475 (1979); *Johnson* v. *Personnel Appeal Board,* 174 Conn. 519, 521–22, 391 A.2d 168 (1978). "This is consonant with the legislative intent which is found not in what the legislature meant to say, but in the meaning of what it did say." *Frazier* v. *Manson,* supra. A statute should not be interpreted in any way to thwart its purpose; id.; *Mystic Marinelife Aquarium, Inc.* v. *Gill,* 175 Conn. 483, 489, 400 A.2d 726 (1978); nor, where it is clear and unambiguous, should we speculate as to some supposed intention. *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Co.,* 193 Conn. 208, 231, 477 A.2d 988 (1984); *Robinson* v. *Unemployment Security Board of Review,* 181 Conn. 1, 6, 434 A.2d 293 (1980). Rather, a statute should be applied as its language directs. *Frazier* v. *Manson,* supra.

The intent of General Statutes § 30-52 is clear and its language is unambiguous as it pertains to the issue in this case. The statute grants the department of liquor control the authority to endorse the removal of permit premises only if one of three conditions arise affecting the original location of the premises: (1) cases of hardship; (2) cases caused by reason of the commencement of an eviction; or (3) cases where the permit premises are taken or threatened to be taken in the exercise of the power of eminent domain. The statute, furthermore, makes it clear that the department's authority to permit removal is subject to a distance limitation applicable to all three situations delineated above. The department may only endorse the removal of a permit

premises within a 750 foot radius of the original permit premises location specified on the permit.[5]

Under General Statutes § 30-52, the cases of eviction or hardship are treated differently from cases where eminent domain is involved. See *P. X. Restaurant, Inc.* v. *Windsor,* 189 Conn. 153, 157–59, 454 A.2d 1258 (1983). The difference in treatment, however, pertains only to the degree to which a permit premises may be exempt from local zoning ordinances or other general statutes upon removal.

In cases of either hardship or eviction, the department may endorse a removal from a location in any zone to a new location in a proper business or industrial zone. That new location, however, must be within a 750 foot radius of the old location and must comply with all provisions of the local zoning ordinances and the general statutes other than those ordinances or statutes which prohibit or affect the establishment or removal of "an alcoholic liquor use within certain specified distances of other alcoholic liquor uses of the same or different kinds." General Statutes § 30-52.

---

[5] The defendants argue that the department's power to grant removals beyond the radius rules of General Statutes § 30-52 is supported by case law. They maintain that the Supreme Court has recognized that the department may grant a removal from one town to another where there is no violation of local zoning ordinances. The defendants cite *Karp* v. *Zoning Board,* 156 Conn. 287, 240 A.2d 845 (1968), and *Stapleton* v. *Zoning Board of Appeals,* 149 Conn. 706, 183 A.2d 750 (1962), as support for this contention. Those two cases are inapposite. Neither case involved a test of the department's removal power, but, rather, involved the authority of local zoning boards. In *Karp* v. *Zoning Board,* supra, 292–93, the court held that a local zoning authority may prescribe a distance location in excess of the 750 foot limitation contained in General Statutes § 30-52 in hardship situations involving the taking of an existing permit premises by eminent domain. In *Stapleton* v. *Zoning Board of Appeals,* supra, 711, the court simply suggested in dicta that the department, in those specific circumstances delineated in General Statutes § 30-52, may approve a request for removal of a permit premises within the distance limitations without the applicant having to apply for a variance of a local zoning distance restriction.

In a case where eminent domain is invoked or threatened, the department may endorse a removal from a location in any zone to a new location in a proper business zone, provided such new location is within a radius of 750 feet "from the point, on the boundary of the overall site of the proposed taking, nearest to the site of such permit premises." Id. A removal under the eminent domain provision, however, does not result in a situation where any and all zoning ordinances pertaining to the new establishment are inapplicable. *P. X. Restaurant, Inc.* v. *Windsor,* supra, 160–61. Rather, any and all ordinances pertaining to the *location* of the liquor permit premises may be preempted, but the liquor premises are still subject to local zoning ordinances and general statutes which pertain to matters other than location. Id., 160. "The 'hardship' and 'eminent domain' provisions are readily distinguishable. The 'hardship' provision is solely concerned with distances between liquor outlets whereas the 'eminent domain' clause is broader and concerned with distances between the liquor permit premises and other premises such as schools, churches, and institutions which are not involved with the sale of alcoholic beverages." Id., 161.

The trial court's conclusion, therefore, that the restrictions found in General Statutes § 30-52 apply only when a removal to a new location would conflict with, and consequently override, a local zoning ordinance or decision of the local authority, is not supported by a plain reading of the statute or by case law. We conclude that the department may authorize a removal only in one of the three situations contemplated by General Statutes § 30-52, and that, in the event of any of those situations, the removal power is subject to the 750 foot radius limitation.

In the present case, none of the three situations obtained, and the endorsement of the removal was to a new location approximately seven miles from the

original location. The department's action, therefore, exceeded its statutory authority. Where the action taken by an administrative agency exceeds its statutory authority, that action is void. *Arterburn Convalescent Home v. Committee on State Payments to Hospitals,* 176 Conn. 82, 88, 405 A.2d 48 (1978) (*Loiselle, J.,* concurring); *Newington v. Mazzoccoli,* 133 Conn. 146, 156, 48 A.2d 729 (1946). Furthermore, no administrative or regulatory body can modify, abridge or otherwise change the statutory provisions under which it acquires authority unless the statute specifically grants it that power. *Lundy Electronics & Systems, Inc. v. Tax Commissioner,* 189 Conn. 690, 695, 458 A.2d 387 (1983); *Fusco-Amatruda Co. v. Tax Commissioner,* 168 Conn. 597, 604, 362 A.2d 847 (1975). We find no such grant of power in General Statutes § 30-52.

We recognize that, as the defendants argue, an administrative agency's interpretation of a statute is ordinarily an aid to its construction and should be accorded great weight. *Local 1186 v. Board of Education,* 182 Conn. 93, 105, 438 A.2d 12 (1980). This maxim, however, ordinarily applies in cases where the statutory language is ambiguous, the legislative history is unenlightening and the "governmental agency's time-tested interpretation is 'reasonable.' " *Anderson v. Ludgin,* 175 Conn. 545, 555–56, 400 A.2d 712 (1978); *New Haven v. United Illuminating Co.,* 168 Conn. 478, 493, 362 A.2d 785 (1975). Here, General Statutes § 30-52 is not ambiguous as it applies to the issue in this appeal and, in the light of that lack of ambiguity, the department's administrative interpretation of it, time-tested or not, is not reasonable.

The defendants also argue that the Connecticut state regulations authorize removals of liquor permit premises from one town to another because of an amendment to § 30-6-A16 of the Regulations of Connecticut State Agencies. Prior to 1977, § 30-6-A16 of those regu-

lations expressly prohibited removals of retail permit businesses from one town to another. It stated, in part, that "[t]he removal of a retail permit business is confined to the town in which the business is presently located." In 1977, § 30-6-A16 was amended to delete the provision confining removals to the town in which the business is located.

Whatever the effect, if any, that regulation may have on other cases, which we do not decide, it does not help the defendants here. "The power of an administrative agency to prescribe rules and regulations under a statute is not the power to make law, but only the power to adopt regulations to carry into effect the will of the legislature as expressed by the statute." *Salmon Brook Convalescent Home* v. *Commission on Hospitals & Health Care,* 177 Conn. 356, 363, 417 A.2d 358 (1979). Although the regulation was amended, the legislature did not amend General Statutes § 30-52. Thus, the directives of that statute remained unchanged.

There is error, the judgment is set aside and the case is remanded with direction to sustain the appeal.

In this opinion the other judges concurred.