## ERNEST SELMQUIST ET AL. *v.* DEPARTMENT OF LIQUOR CONTROL ET AL.
### (3605)

BORDEN, SPALLONE and BIELUCH, Js.

Argued May 6—decision released June 24, 1986

*W. Paul Flynn,* with whom was *Howard A. Lawrence,* for the appellants (plaintiffs).

*Robert F. Vacchelli,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Richard M. Sheridan,* assistant attorney general, for the appellee (named defendant).

*Stuart A. Margolis,* for the appellees (defendants Michael Algiere et al.).

PER CURIAM. In this appeal, the trial court dismissed the plaintiffs' administrative appeal from the action of the named defendant, the state department of liquor control. That action authorized the removal of a liquor license from Darien to East Haven. The principal claim of the plaintiffs is that General Statutes § 30-52 bars the removal authorized here.

In *Breen* v. *Department of Liquor Control,* 2 Conn. App. 628, 481 A.2d 755 (1984) (*Breen I*), this court read General Statutes § 30-52 in accordance with the construction urged by the plaintiffs in this case. Thereafter, however, the Supreme Court granted certification to

appeal from our decision and reversed our judgment in response to a motion filed on the ground that Public Acts 1985, No. 85-361, which became effective on June 27, 1985, rendered the issues moot. See *Breen* v. *Department of Liquor Control,* 5 Conn. App. 432, 499 A.2d 432 (1985) (*Breen II*). That public act clarified that the intent of General Statutes § 30-52 was to permit, under certain circumstances, the removal of a liquor license from one town to another, and it specifically validated any prior action of the department authorizing such a removal. It is clear that the Supreme Court's action as reported in *Breen II* controls this case. We have considered the arguments of the plaintiffs attempting to distinguish this case from *Breen II*, and find them to be without merit.

There is no error.