[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE (NO. 111)
The plaintiff was a patron at the defendants' Jeffrey Schulman ("Schulman") and MPC Corporation ("MPC") bar along with two other defendants, Donald Casper ("Casper") and Louis Ciliberti ("Ciliberti"). While at the bar, plaintiff allegedly purchased an unknown quantity of alcoholic beverage for Casper. Casper subsequently had a motor vehicle accident with Ciliberti while the plaintiff was a passenger in Casper's vehicle. The plaintiff was injured in that accident and brought suit against all defendants including the owner, Schulman, and the backer of the bar, MPC, pursuant to Connecticut General Statutes 30-102, commonly known as the Dram Shop Act.
This motion implicates only those claims against the bar owner and backer under the Dram Shop Act. The plaintiff has alleged that the defendants served Casper and Ciliberti alcoholic beverages while they were in an intoxicated state.[1]
The defendants filed special defenses of assumption of risk and participation to which the plaintiff has filed the instant motion to strike. CT Page 5189
At issue in this motion is whether the defenses of assumption of risk and participation are applicable to the Dram Shop Act. The plaintiff argues that both doctrines are inapplicable to statutes enacted for the benefit of the public at large and that Connecticut General Statutes 30-102 is such a statute. The court agrees with both of these propositions.
Both by judicial decisions and commentary by eminent authority on the subject, Dram Shop or civil liability acts are classified as a form of strict liability and are enacted for the benefit of the public at large. Sanders v. Officer's Club of Connecticut, Inc., 35 Conn. Sup. 91, 93 (1978); Prosser, Torts 3rd Ed., Sec. 79, P. 542, citing Pierce v. Albanese, 144 Conn. 241
(1957). See also, Kowal v. Hofner, 181 Conn. 355, 358
(1980).
In Pierce, supra, our supreme court concluded at page 249:
 The obvious purpose of the legislation is to aid the enforcement of section 4293 [the predecessor to the current Dram Shop Act] by imposing a penalty, in the form of civil liability . . . and to Protect the public. (Emphasis added.)
This being the case, the issue is whether these two common law defenses may he employed to modify or ameliorate the effect of the statutory mandate. The court thinks not.
First, it is a long recognized principle of statutory construction that, where the language of the statute is clear and unambiguous, no interpretation of the legislature's intent is necessary or permitted. Connecticut State Board of Labor Relations v. Board of Education, 177 Conn. 68, 73 (1979); Johnson v. Personnel Appeal Board, 174 Conn. 519, 521-22 (1978). In the case of sec. 30-102 the legislature has spoken clearly and precisely. It has established the circumstances under which a purveyor of alcoholic beverages shall be liable and has carved out no exceptions thereto.
The defendants, on the other hand, argue that this act was intended to protect only innocent members of the public and cite several recent superior court decisions supporting this position. Of course, there are superior court decisions to the contrary as well. With regard to such decisions, this court is persuaded that the better reasoning lies with those decisions holding there to be no "innocent victim" exception to the statute.[2]
CT Page 5190
Secondly, apart from the persuasive analysis of other decisions of this court, but consistent with the no innocent victim exception theory, is the historical perspective of the act itself. Originally the legislature enacted a statute which eliminated the common law requirement of proving a causal connection between the sale of liquor and the injury. Under the statute, sec. 4307 (rev. 1949), the predecessor to the current statute, does not require a showing of fault on the part of the seller (that the sale caused the injury) in order for the injured person to recover. Pierce v. Albanese, supra, p. 249. By such enactment, it is clear that the legislature wanted to eliminate the purveyor's escape route by all means of common law concepts of fault. Ibid.
The present exceptions urged by the defendants are premised on common law concepts of fault. Had the legislature wished to modify its objective, it could have so indicated by specifically excepting assuming and participating victims from benefiting from the effects of the Dram Shop Act. It has obviously not seen fit to do so. The legislature, within reasonable limits, may judge what the public welfare requires. Pierce v. Albanese, supra, p. 249. When within those limits, the courts are not at liberty to question the wisdom of such judgments especially in matters involving such potentially dangerous activities as the sale of alcohol. Ibid.
For the foregoing reasons, the plaintiff's motion to strike the two special defenses of assumption of risk and participation should be and is hereby granted.
L. SCOTT MELVILLE, JUDGE