[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REOPEN JUDGMENT
In this case the plaintiff bank commenced this action by filing an application for a prejudgment remedy. On October 25, 1993 the court ordered a prejudgment remedy and ordered the defendant to disclose their assets to the plaintiff. The order of disclosure signed by the clerk stated "the defendants . . . . be compelled . . . to disclose under oath the existence, location and extent of property in which they have an interest or debts owing to them sufficient to satisfy a prejudgment remedy applied for" by the plaintiff bank. At the bottom of the order the clerk wrote "Compliance within 10 days by written affidavit."
On December 15, 1993 the plaintiff filed a motion for compliance seeking a default on the grounds that the defendants failed to disclose assets as ordered by the court on October 25. The parties apparently agree that the court ordered the motion would be granted unless the defendant disclosed assets by January 10, 1994 but dispute the manner in CT Page 10123-F which the court ordered the defendants to disclose assets. The defendants claim the court ordered only that disclosure of assets be made by the January date or else default would enter, the plaintiff claims that the court ordered the defendants to file detailed financial affidavits on or before January 10, 1994 or default would enter. There is nothing in the file to indicate the manner in which the court granted the motion for compliance and neither party has submitted any transcript on the point.
The defendants filed a notice of disclosure dated January 7 and on January 13, 1994 filed a motion for judgment upon default asserting the notice of disclosure failed to comply with the court's order in that the defendants did not provide affidavits of financial disclosure and the disclosure filed included none of the details necessary for the plaintiff to effect its prejudgment remedy. All previous orders of the court were entered by the judge assigned to handle prejudgment remedies. On February 14, 1994 this judge granted the plaintiff's motion for judgment. A motion to reopen judgment was then filed and denied by yet another judge on April 18, 1994. No reason for the denial was noted but it was properly denied since it was not verified by the oath of the complainant or its attorney. On May 5, 1994 the defendants filed a second Motion to Reopen Judgment that was heard by this judge at short calendar. This motion was in proper form.
Section 52-212 of the General Statutes governs the opening of a judgment which has been rendered upon a default. The granting of such a motion rests in the court's sound discretion. To qualify for relief under the statute the moving party "must meet a two prong test: (1) there must be a showing that a good defense, the nature of which must be set forth, existed at the time judgment was rendered; and (2) the party seeking to set aside the judgment had to have been prevented from making the defense because of mistake, accident or other reasonable cause," A. Secondino Sons, Inc. v.LoRicco, 19 Conn. App. 8, 13 (1989).
The court finds that the first prong of the test has been met; the defendants have alleged a good defense. The second prong of the test presents the problem.
Frankly put, I think I was wrong when I granted the motion for judgment. I do not agree with the defendants CT Page 10123-G argument that although Practice Book § 364 appears to provide that a default and judgment thereafter can be claimed simultaneously judgment shouldn't have entered here because the plaintiff claimed only judgment not a default and "at a minimum, a judgment should be predicated upon a default." A motion for default doesn't have to be filed subsequent to a party's failure to comply with a court order; Practice Book § 351 provides in such circumstances the court can default the party, cf. Jaconski v. AMF, Inc., 208 Conn. 230, 232 (1988),Osborne v. Osborne, 2 Conn. App. 633, 638 (1984). However, minimal due process standards would seem to require that before a party should be defaulted in such a manner the court should make a judicial finding that the defendants had failed to comply with a court order before the default enters, cf.Jaconski v. AMF, Inc., supra and see also Connecticut NationalBank v. Investors Capital Corp., 29 Conn. App. 48, 52 (1992). At the time I entered judgment I do not believe I either afforded the defendants an adequate hearing to determine the issue of non-compliance or really made a finding of non-compliance with a court order.
Beyond these procedural questions going to the propriety of having granted the motion for judgment in the first place, I believe this is a case where the court should exercise its discretion to reopen the judgment. Not only is it possible that the defendants were mistaken about the scope of the court's order on the motion for compliance, we don't have here a flagrant attempt to avoid court proceedings or a what would appear to the court at least an attempt to forestall the plaintiff from securing its remedy by intentional and complete non-compliance with court orders, cf. Connecticut NationalBank v. Investors Capital Corporation, supra at page 52, also see Jaconski v. AMF, Inc., supra at page 232. In their memorandum filed with the request to reopen judgment defendants counsel represents that on January 7, 1994, the defendants moved to substitute mortgages totalling the amount of the prejudgment remedy on out of state properties. The judge who had issued all the orders on the case denied that motion just two weeks before I granted the motion for judgment. But counsel represents that judge said (and I don't believe the plaintiff contradicts this) that he would reconsider the motion if appraisals and other appropriate information was gathered. Judgment was rendered before defendants had sufficient time to gather this information. I agree and that leads me to conclude I was wrong to have CT Page 10123-H granted the motion for judgment in the first place and would only compound the consequences of this action if I did not grant the motion to reopen. That motion is granted and the court regrets the inconvenience caused to the parties.
Corradino, J.