[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
FACTS
Plaintiff's Deborah and Brian Loper ("Loper") appeal from a decision of the defendant insurance commissioner, William J. Gilligan, ("Gilligan") denying Loper's request for payment from the Brokered Transaction Guaranty Fund ("Fund").
According to the complaint, Loper brought an action against corporate and individual defendants for the unlawful collection of insurance premiums and the failure to provide medical insurance on March 24, 1992.
On April 19, 1994, Gilligan was notified of the above action by a letter from Loper's counsel. Gilligan treated Loper's letter as an application for monies from the Fund. Without holding a hearing, Gilligan notified Loper by letter on August 29, 1994, and stated that Loper's request for monies from the Fund was denied. Subsequent to this notification, Loper filed the present appeal seeking a review of Gilligan's decision.
On October 28, 1994, Gilligan filed a motion to dismiss the complaint on the ground that Loper has failed to exhaust his administrative remedies. Specifically, Gilligan asserts that under General Statutes § 38a-19(a), an aggrieved person must request a hearing from the Insurance Commissioner before appealing to Superior Court when the original finding or order of the Insurance Commissioner's office was arrived at without a hearing.
Loper disagrees and relies on General Statutes § 38a-19(c) claiming that this subsection allows an appeal of an order from the Insurance Commissioner directly to Superior Court under General Statutes § 4-183 of the Connecticut Administrative Procedure Act. Both parties have submitted briefs in support of their respective position.
DISCUSSION
CT Page 5
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "A motion to dismiss . . . properly attacks the jurisdiction of the court essentially asserting that the plaintiff cannot, as a matter of law and fact, state a cause of action that should be heard by the court." (Internal quotation marks omitted; emphasis in original.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991).
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter." Housing Authority v. Papandrea, 222 Conn. 414,420, 610 A.2d 637 (1992). "Because the exhaustion doctrine implicates subject matter jurisdiction, [the court] must decide as a threshold matter whether that doctrine requires dismissal of the plaintiff's claim." Concerned Citizens ofSterling v. Sterling, 204 Conn. 551, 556, 529 A.2d 666 (1987). This case is a matter of statutory construction. General Statutes § 38a-889 states, "[a]ny person aggrieved by any decision, order, or regulation of the department under Sections 38a-880 to 38a-888 inclusive, may appeal in accordance with the provisions of Section 38a-19."
General Statutes § 38a-19 states in part:
 (a) Any person or insurer aggrieved by any order or decision of the Commissioner made without a hearing may, within thirty days after notice of the order to the person or insurer, make written request to the commissioner for a hearing thereon. . . .
(b) . . .
 (c) Any order or decisions of the Commissioner shall be subject to appeal therefrom in accordance with the provisions of Section 4-183.
(Emphasis added.)
General Statutes § 4-183(a) states in part that "[a]ny person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may CT Page 6 appeal to the Superior Court as provided in this section."
There is no dispute between the parties that Gilligan's letter to Loper denying Loper payment from the Fund was an order or decision from the Office of the Insurance Commissioner. The letter itself states that the Loper's "have the right to test the validity of my [counsel for the Commissioner] conclusions through the appropriate appeal process." (Plaintiff's exhibit B, p. 2.) Gilligan never informed Loper of just what proper appeal process to follow.
Loper, however, did choose a proper method of appeal. General Statutes § 38a-19(a) specifically states that any person aggrieved by any . . . decision of the Commissioner made without a hearing may . . . make written request to the Commissioner for a hearing thereon. . . . (Emphasis added.) By using the word "may" it appears that Loper had the option to request a fuller hearing before the Insurance Commissioner before filing an appeal in Superior Court. Nowhere in Section (a) of the statute, however, does it mandate that Loper must request a hearing.
Although Loper could have requested a hearing under subsection (a), he chose not to and exercised a second option to appeal under subsection (c). This subsection allows an appeal from a decision of the Insurance Commissioner under the guidance of General Statutes § 4-183 (a) of the Connecticut Administrative Procedure Act.
Since the legislature knew how to distinguish between the words "may" and "shall" within Sections (a) and (c) of General Statutes § 38a-19a, the court will not read into subsection (a) a requirement that the legislature itself did not chose to place in the provision. "[A] statute should be applied as its language directs." Breen v. Dep't of Liquor Control, 2 Conn. App. 628,631 481 A.2d 755 (1984).
Having decided to forgo a full hearing under Section (a) of the statute, Loper, exercising the discretion which the statute grants him, has properly exhausted all administrative remedies available to him under Section § 38a-19(c).
In making its decision, the court is mindful of Gilligan's contention that allowing a fuller hearing on the record at the Insurance Commissioner's level would aid this CT Page 7 court in reviewing the decision of the agency on administrative appeal. However, the statute allows for a choice, and the court is left to review the "record" which will be available to it once the aggrieved person exercises his or her discretion regarding the appeal route.
Therefore, the court finds that under Section 39-19a, an aggrieved party from a decision or order of the Insurance Commissioner made without a hearing can either request a hearing under Section (a) of the statute, or appeal to this court directly under Section (c).
CONCLUSION
Based on the forgoing, Gilligan's motion to dismiss for failure to exhaust administrative remedies is hereby denied.