[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal challenging the decision of the Glastonbury Zoning Board of Appeals granting the defendant Charles Fine Wine, Inc. a variance to conduct an off premises retail wine and liquor business within 1000 feet of the plaintiff's liquor store.
The facts giving rise to this appeal are not contested. The defendant Charles Fine Wine, Inc. and the plaintiff operate liquor stores in the Town of Glastonbury. Charles Fine Wine sought variances to relocate its liquor store to 2345 Main Street in Glastonbury. The variances were required because the new site is within 1000 feet of plaintiff's liquor store and within 500 feet of a park and library. § 6.lb of the Glastonbury Zoning Regulations prohibits the use of any building for off premises liquor sales if it is within 1000 feet of any other building used for off premises liquor sales or is within 500 feet of a library.
In December, 1994, the defendant Zoning Board of Appeals conducted a public hearing on the defendant's application. It approved the variance for the following three reasons: (1) "a specialty wine store of this type was not contemplated by the zoning regulation"; (2) "the existing development in the southern end of the Planned Business and Development Zone is virtually impossible for a facility of this type"; and (3) "the CT Page 7520-P establishment does not increase the number of liquor stores in this zone".
In its appeal, the plaintiff alleges that the variance was unlawfully granted in that the defendant did not demonstrate the special hardship required for the granting of a variance and in that the Board relied on impermissible criteria in evaluating the defendant's request.
The plaintiff first argues that he is aggrieved by virtue of the doctrine, first enunciated in Beard's Appeal From CountyCommissioners, 64 Conn. 526 (1894), that confers automatic standing on any taxpayer and resident of a town in zoning cases involving the sale of alcoholic beverages. The rule of Beard'sAppeal has remain unchanged since it was first announced. InEdelson v. Zoning Commission, 2 Conn. App. 596, 597-98 (1984), the Appellate Court again affirmed that resident taxpayers have standing to challenge zoning decisions involving the sale of alcoholic beverages. "In cases involving the sale of alcoholic beverages, the Supreme Court has held that the status of the appellants as taxpayers in the community entitled them to prosecute an appeal. When traffic in liquor is involved, a resident taxpayer of a town is, a priori, an aggrieved person with standing to prosecute an appeal; he need not show that he has an interest peculiar to himself." Id., (internal quotations and citations omitted). CT Page 7520-Q
While recognizing the continuing vitality of Beard's rule, the defendant argues that it is inapposite in this case because the rule was originally conceived as a check against an increase in the number of off premises liquor establishments. Because, in this case, the granting of the variance will not result in an increase in the total number of liquor stores in Glastonbury, the defendant argues that the logic of Beard's case does not apply to this case. The defendant refers to the pending case of JollyInc. v. Zoning Board of Appeals of the City of Bridgeport, cert. granted, Conn. L. J. (March 28, 1995), in which the Supreme Court transferred to its docket an appeal of Judge Fuller's decision ruling that the law giving special status to taxpayers to challenge applications concerning liquor outlets is obsolete. Although this question is now pending before the Supreme Court, this court declines the defendant's invitation to follow the trial court decision in Jolly. Accordingly, I conclude that the plaintiff is aggrieved. Dolan v. Zoning Board of Appeals,156 Conn. 426 (1968).
The Zoning Board of Appeals' decision to grant the plaintiff a variance was in error. Under General Statutes § 8-6 (3) a variance can be granted only if it is shown not to "affect substantially the comprehensive zoning plan and adherence to the strict letter of the zoning ordinance causes unusual hardship CT Page 7520-R unnecessary to the carrying out of the general purpose of the zoning plan." Smith v. Zoning Board of Appeals, 174 Conn. 323
(1978). "Disadvantage in property value or income, or both, to a single owner of property, resulting from application of zoning restrictions, does not, ordinarily, warrant relaxation in his favor on the ground of practical difficulty or unnecessary hardship. " Grillo v. Zoning Board of Appeals, 206 Conn. 362, 369
(1988). The hardship required for a variance must be one that originates in the zoning ordinance. Pollard v. Zoning Board ofAppeals, 186 Conn. 32 (1982). An applicant is not entitled to a variance where the hardship claimed is not different in kind from that generally affecting property in the same zoning district. The hardship must be unique or unusual. Carini v. Zoning Boardof Appeals of the Town of West Hartford, 164 Conn. 269 (1972).
The Zoning Board of Appeals concluded, as a basis for granting the variance, that a "specialty wine shop" of the type operated by the defendant "was not contemplated by the regulations." This finding was based on testimony presented by the defendant indicating that its business consisted principally of the sale of wines, not liquor or beer. While the Board's finding in this regard is undoubtedly true, it is irrelevant to the determination of whether a variance should have issued.
The Glastonbury Zoning Regulations § 6.1.b.1. and 6.1.b.2. CT Page 7520-S refers to uses in a planned business and development zone "where alcoholic liquors are to be sold for consumption off the premises." The Regulations do not distinguish between establishments which sell fine wine and liquor. It was therefore error for the Board of Appeals to interpret § 6.1.b.1. in a manner that carves out an exception, not otherwise evident in the Regulations, between liquor and fine wines. There is no basis in the plain language of the Regulation or its apparent purpose — to limit the density of liquor stores in the retail district — that warrants the Board of Appeals interpretation. Breen v.Department of Liquor Control, 2 Conn. App. 628 (1984).
Further, even if such a distinction were warranted, that alone does not justify a finding of the type of hardship that supports the granting of a variance. Carini v. Zoning Board ofAppeals, supra. The hardship, if any, that results from the defendant specializing in the sale of fine wines, does not arise out of the ordinance itself. Pollard v. Zoning Board of Appeals,186 Conn. 32 (1982). The hardship claimed by the defendant is not different in kind from that generally affecting the property in the same zone, and as such, does not justify a variance.Carini v. Zoning Board of Appeals, supra.
For the foregoing reasons, the plaintiff's appeal is sustained. CT Page 7520-T