[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The facts of this case are as set forth in the decision of the Supreme Court on an earlier appeal of this case at231 Conn. 391 (1994).[1]
The Supreme Court decision as corrected resolves the issue of the Review Board's decision as a final appealable judgment as required by the Uniform Administrative Procedures Act (UAPA) C.G.S. 4-183. "(I)t is a well recognized principle of law that the opinion of an appellate court, as far as it is applicable, establishes the law of the case upon a retrial, and is equally obligatory upon the parties to the action and upon the trial court. Stevens v. Hartford Accident Indemnity Co., 39, Conn. App. 429, 439 (1995), Laurel Inc. v.Commissioner of Transportation, 173 Conn. 220, 222 (1977).
The underlying dispute concerns Mr. Cawley's layoff from his position of employment with the State of Connecticut Department of Public Safety. Mr. Cawley appealed his layoff pursuant to C.G.S. 5-202 to the Employees Review Board. Mr. Cawley's claim was that employees with less state service (seniority) in the same classification performing comparable duties were being retained in contravention of C.G.S. 5-241.
The review board resolved Cawley's appeal by ordering the Department of Public Safety and Administrative Services to review Cawley's classification and following such review to determine if Cawley or another employee should have been laid off. If Cawley was improperly laid off he was to be reinstated with back pay, seniority and benefits.
The Superior Court's review of the employees review board decision is limited by the UAPA, Conn. Light Power Co. v.Dept. of Public Utility Control 219 Conn. 51, 57-58, (1991)Miko v. CHROC 220 Conn. 192, 200 (1991). The UAPA through C.G.S. 4-183(g) adopts the "substantial evidence" rule for judicial review of administrative fact findings. Briggs v.State Employment Retirement Commission, 210 Conn. 214, 217
(1989). The determination of issues of fact by the CT Page 12087 administrative agency should be upheld if the record before the agency affords a "substantial basis of fact from which the fact in issue can be reasonably inferred . . ." Hack v.Inland Wetlands Watercourses Agency 203 Conn. 525, 539-41
(1987).
The Court's review of the record finds a substantial basis of fact from which its findings of fact can be inferred.
The duty to arbitrate may be created by contract or statute. Security Insurance Co. of Hartford v. DeLaurentis,202 Conn. 178. 182 (1987), Chrysler Corp. v. Maiocco,209 Conn. 579, 591 (1979). Where the parties arbitrate pursuant to statute, the statute itself defines the powers of the arbitrators, Caldor, Inc. v. Thornton, 191 Conn. 336, 341
(1983) aff'd 472 U.S. 703 (1985). The tenets of statutory construction are thus employed in analyzing the parties claims. "Our principal objective is to ascertain the apparent intent of the legislature." Rawling v. New Haven, 206 Conn. 100,105 (1988). We first look for intent in the apparent meaning of the statutory language. Hayes v. Smith, 194 Conn. 52,57 (1987). "Where the wording is plain, courts will not speculate as to any supposed intent . . . ." Robinson v.Unemployment Security Board of Reveiw, 181 Conn. 89, 93
(1986). When, we are confronted, however, with ambiguity in a statute, we seek to ascertain the actual intent by looking to the words of the statute itself;" State v. Koslowski,194 Conn. 667, 673 (1986) and the purposes the statute is to serve. Peck v. Jacquemin, 196 Conn. 53, 64 (1985). "A statute should be interpreted according to the policy which the legislation seeks to serve." Aaron v. ConservationCommission, 183 Conn. 532, 538 (1981); Frito Lay v. Planningand Zoning Commission, 206 Conn. 554, 574 (1988); ChryslerCorporation v. Maiocco, 209 Conn. 579, 592-93 (1989). This case is resolved by the construction and application of C.G.S. 5-241 and 5-202.
The statutory language at issue is found in 5-202 ():
"An employee laid off . . ., . . ., . . . may file and appeal with the board only on the grounds that the order of layoff or dismissal has not been determined in accordance with the provisions of section 5-241, . . ."
C.G.S. 5-241 provides in pertinent part: CT Page 12088
"No employee in the classified service . . . shall be dismissed or laid off from his position, . . . if any other employee in the same classification performing comparable duties with less state service is to be retained in the same department, agency or institution."
What is created by this language is seniority based limited bumping rights. (The right in event of lay off to displace less senior employees in comparable assignments.)
The essence of the employee claims are that his rights under 5-241 were denied. His claim is that were he properly classified there would be less senior employees retained.
The State argues that 5-202 prohibits the Appeals Board from looking beyond the State's determination of seniority or classification in determining layoff order.
The Court rejects the State's position as illogical and inconsistent with the principles of statutory construction and labor law.
The determination of seniority and classification are not in all cases obvious or apparent. Is seniority cumulative? Effected by job change? etc. How are people hired on the same date treated? These and other issues related to seniority are typically resolved by a fact finder albeit arbitrator civil service commission or in this case an employee review board.
Similarly classification issues which often relate to seniority are classic examples of the work place dispute which is submitted to binding non-judicial fact finding (arbitration, civil service board, employee review board). CJS Labor Relations § 402.
The review board's decision is within the scope of its statutory authority pursuant to C.G.S. 5-202 and 5-241, seeJohnson v. Personnel Appeal Board 174 Conn. 519, 521 (1978).
It is inherent in the review board's statutory obligation to review grievances related to layoffs to determine what the seniority and classification of the impacted employee is in fact. It need not rely on the State's assertion of seniority or classification. It is clearly empowered to review the CT Page 12089 seniority and classification status of impacted employees. Here, the review board rather than determining Cawley's appropriate classification has deferred to the Department of Administrative Services and Public Safety for the actual review.
C.G.S. 5-202(e) limits the review boards scope of layoff review to only "order of layoff or dismissal . . . in accordance with . . . 5-241". He is not seeking to challenge the policy determination that someone be laid off; only that under his statutory rights, it shouldn't be him.
C.G.S. 5-202(a) indicates that the appeal rights it establishes are for non-collective bargaining unit of state employees who enjoy permanent appointments. It is clearly a legislative determination to have employment grievances of non-collective bargaining unit employees subject to grievance arbitration. This case though factually distinct is of the genre of employer-employee disputes which are by legislative and judicial policy best resolved by resort to administrative arbitration. It may also be a matter of executive branch policy as the court recognizes that the great majority of state employees are subject to collective bargaining agreements which provide for binding grievance arbitration.
The State has failed to articulate any policy reason why the dispute over seniority and classification related to layoff should not be resolved by the review board. The review board's decision is a reasonable resolution of the dispute which is in accordance with the facts and law.
The plaintiff's appeal is dismiss.
McWeeny, J.