[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8306
The plaintiff in the above entitled case has alleged that; while driving a motor vehicle in New York in 1993, he was involved in an accident and that the defendant Ohio Casualty Insurance Company wrongfully refused to defend and to indemnify him. The company was the insurer of a repairer, and the repairer's plates were on the car at the time of the collision. In a prior action for a declaratory judgment, Judge Aurigemma declared that Ohio Casualty did have the duty to defend and to indemnify. The complaint in the case at hand alleges that Ohio Casualty did not pay the plaintiff's attorney's fees incurred prior to the ruling on the declaratory judgment action nor property damage for the vehicle involved. The complaint claims these amounts, plus attorney's fees incurred in the action before Judge Aurigemma and damages for bad faith and violation of the Connecticut Unfair Trade Practices Act.
The defendant insurer has flied a special defense alleging that the claims are barred by principles of res judicata, and has filed a motion for summary judgment claiming that there is no dispute of fact regarding the res judicata issue and that judgment should issue in its favor.
Some background is helpful. Judge Aurigemma's decision in the first action, No. CV 95 0549326 S, simply declared that Ohio Casualty owed a defense and indemnification. The decision was issued on January 6, 1997. More than four months after that decision was issued, the plaintiff claimed the case to the hearings in damages list. The defendant moved to strike the case from the hearings in damages list. Although it was agreed at that time that the defendant had procured counsel for the plaintiff in the New York action and had settled that case, the plaintiff claimed damages for the attorney fees incurred prior to the entry of the insurer and the fees involved in the declaratory action itself Judge Aurigemma struck the claim from the hearings in damages list. She struck the claim because the complaint had not stated facts to support a finding of CT Page 8307 damages, and the prayer for relief did not set forth the range of damages demanded, as required by § 52-91 of the General Statutes. Judge Aurigemma indicated that if the plaintiff had moved to reopen the judgment within four months, then perhaps he might have successfully sought to have the case placed on the hearings in damages list. But; because the motion was made after four months had passed and there was no factual basis in the complaint to support damages in any event, the motion to strike the matter from the hearings in damages list was granted on August 12, 1998. There was no appeal from either of Judge Augigemma's decisions.
The plaintiff subsequently brought this action, and. as mentioned. the defendant has moved for summary judgment on its res judicata defense. The defendant quite aptly argues, as a general proposition, that the doctrine of res judicata states that a final judgment rendered on the merits is conclusive of causes of action and of facts or issues litigated as to the parties in all other actions; the doctrine bars claims arising from the same transaction or series of transactions that were brought or could have been brought in the first action. Orselet v. DeMatteo. 206 Conn. 542
(1988); Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556 (1980). Because the prior action for a declaratory judgment concerned the same transaction or series of transactions as this suit, a decision was issued on the merits by a court of competent jurisdiction without fraud or collusion, and the instant claims apparently either were brought or could have been brought in the prior action, res judicata ordinarily would bar this action
The plaintiff argues, however, that different considerations arise in the context of declaratory judgments and I find the plaintiff's argument persuasive. It is reasonably certain that our Supreme Court would follow the Restatement in this matter. See, e.g., Duhaime v. American ReserveLife Insurance Co., 200 Conn. 360 (1986). The Restatement 2d of Judgments, § 33, states that:
 A valid and final judgment in an action brought to declare rights or other legal relations of the parties is conclusive in a subsequent action between them as to the matters declared. and, in accordance with the rules of issue preclusion, as to any issues actually litigated by them and determined in the action.
The comments, particularly Comment c, "Effects as matters not declared", further clarify the analysis. A decision in a declaratoiy judgment action does not bar future actions to pursue further declaratory or coercive (damages or injunctive) relief it makes no difference whether or not claims for damages could have been asserted in the first action. CT Page 8308 The commentary specifically approves piecemeal or "split" litigation, and reasons that declaratory relief is intended to be simple, perhaps to avoid the more complex and sometimes harsh action for damages altogether. The court has discretion to entertain an action for declaratory judgment if inappropriate, and a defendant in a declaratory judgment action has some ability to have the whole controversy determined at once.[1] Illustration one to § 33 of the Restatement clearly shows that the authors of the Restatement contemplated that a declaratory judgment would bar relitigation only of matters actually decided in the prior action, even if other claims for damages and further injunctions arising out of the same transaction could have been added to the prior action.
The defendant counters, however, with the argument that the claim for damages was raised and litigated in the prior action. Reciting the history of the second action before Judge Aurigemma. the defendant argues, in essence, that the plaintiff had had his chance in that case but, for several reasons, did not present the claim in a procedurally proper manner.
In the context of declaratory judgments, however, § 33 bars relitigation only of the "matters declared and. in accordance with the rules of issue preclusion, as to any issues actually litigated by themand determined in the action." (Emphasis added). "`For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.' Gionfriddov. Gartenhaus Cafe supra, 402; State v. Ellis, supra, 463; Restatement (Second), Judgments 27; see also P.X. Restaurant, Inc. v. Windsor,189 Conn. 153, 161, 454 A.2d 1258 (1983); F. James G. Hazard. Civil Procedure (3d Ed.) 11.16 through 11.19." Virgo v. Lyons, 209 Conn. 497,501 (1988). Although some of the claims raised in this action were included in the prayer for relief in the prior action, there very clearly was no resolution on the merits of the claims for damages; their consideration was barred by procedural considerations. Perhaps even more clearly, the decision not to hear the claim for damages in the context of that case was not necessary to the decision of that case.
The motion for summary judgment is denied.
Beach, J.